### STATE *v.* PLESS GAITHER.

In the trial of a defendant for Larceny, a charge from the Court, that the jury must find, that the defendant took the property alleged to be stolen, "with a felonious intent," and that "the qeestion of intent had been fully discussed by counsel, and it was a question for them to decide, without at the time explaining to the jury what is meant by a "felonious intent," is error, and entitles the defendant, if convicted, to a new trial.

The question of what is meant by a "felonious intent" is one for the Court; its existence at a particular time is for the jury to say.

INDICTMENT, larceny, tried before his Honor, Judge *Schenck* at the Fall Term, 1874, of the Superior Court of CABARRUS county.

The defendant was charged with stealing Mrs. Mary Groner's chickens, and on the trial in the Court below, the following facts were established.

The defendant lived with a Mr. Litaker, whose premises adjoined those of Mrs. Groner, the prosecutrix. She, Mrs. Groner, had a flock of some twenty or more chickens, and about the 1st March, her chickens began to disappear, one and sometimes two at a time.  About this time, she noticed a trap or box near Litaker's hog pen.

Early one morning, the defendant brought two chickens to Litaker's cook to clean, saying that he believed that they were Mrs. Groner's chickens.  Mrs. Litaker claimed the chickens, and told the cook to clean and cook them, which the cook did and the chickens were eaten at Litaker's table.  The defendant said he had caught them in a box which he had baited. He was seen to take the chickens from the trap and convey them towards the house, by a neighbor, whose attention was directed towards the place by the squalling of the chickens. The chickens troubled Litaker's garden, who told defendant to catch them.

On the trial, his Honor charged the jury, that they could

not convict the defendant unless they were satisfied that the chickens stolen were the property of Mrs. Groner, and that the defendant took them with a felonious intent. That the question of intent had been fully discussed by the counsel and it was a question for them to settle upon all the testimony. Defendants counsel asked the Court to charge the jury that if defendant took the chickens under Mrs. Litaker's order, for her, or to keep them out of the garden, he was not guilty.

The Court in response told the jury that if defendant took the chickens with the intent to deprive Mrs. Groner of them or ate them that he was guilty, no matter whethers Mrs. Litaker ordered it or not, That the jury were the sold judges of the intent, with which the taking was done.

A verdict of guilty was rendered by the jury, judgment. Appeal prayed and granted.

*Montgomery*, for defendant.
*Attorney General Hargrove*, for the State.

READE, J. The facts stated produce a strong impression on our minds that the defendant ought not to have been convicted He lived in Litaker's family, and both Litaker and his wife· told him that the chickens were disturbing the garden, and that he must catch them ; and they claimed the chickens as their own. The defendant did catch them in the day time when they were " squalling," and carried them to Litaker's kitchen, and gave them to the cook ; and Mrs. Litaker ordered them to be cooked ; and they were cooked, and were eaten at Litaker's table. The only fact that tends to show evil conduct on the part of the defendant ·is that he told the cook that the chickens resembled Mrs. Groner's, and he believed they were hers. The jury however, convicted him, and their verdict must stand unless we can see some error in law, or legal influence upon the trial. We think there was such error.

His Honor charged the jury, that before they could convict, they must find that the defendant took the chickens " with a

felonious intent." That is true ; but what is a felonious intent was the question, and he ought to have explained that to the jury; but instead of doing so, he continued his charge, "that the question of intent had been fully discussed by counsel, and it was a question for them to settle."

Now, that was not a question for them to settle. What is meant by feloneous intent, is a question for the Court, and after the Court defines that, then it is for the jury to say whether he he had such intent. But here the counsel disputed and "fully discussed "—the defendant's counsel, as we may suppose, insisting that there must be *clam et secrete;* and the State's counsel insisting that secresy was not necessary ; and his Honor leaves it the jury to say which of the lawyers is right.

There was not only error in omitting to charge as above, but there was error in a subsequent part of his charge in response to the prayer of defendant's counsel. His Honor charged, "that if the defendant took the chickens with the intent to deprive Mrs. Groner of her property, or ate them, he was guilty," &c. It cannot be maintained, that if one takes the property of another and eats it, that he is guilty of larceny. It may be trespass, or mistake, or larceny, according to circumstances ; it is not *necessarily* larceny.