## H. E. SONDLEY v. CITY OF ASHEVILLE.

*Appeal—Verbal Agreement of Counsel—Rule of Court.*

1. The statutory requisites as to appeals cannot be dispensed with, except with the assent of counsel entered in the record or evidenced by writing. Rule 39 of Supreme Court.

2. An alleged verbal agreement between counsel, if denied, will be deemed as legally non-existent.

CIVIL ACTION, tried at December Term, 1892, of BUNCOMBE Superior Court, before *Bynum, J.*, and a jury, the object being to recover damages accruing to plaintiff from the condemnation of her land for a street. The assessors awarded her $2,000, and on appeal by the defendant to the Superior Court the same damages were allowed by the jury, and from a judgment for the same defendant appealed.

The transcript of the record was duly docketed here, and when the case was reached in its order at this Term, at which the appeal stood regularly for trial, the appellee moved to affirm the judgment below upon the ground that there was no case on appeal, and no errors apparent upon the face of the record proper. The appellant moved for a *certiorari*, filing affidavits of counsel that there was an agreement of counsel to extend the time for serving case on appeal and a waiver of service by an officer, as required by statute. *The Code*, §597; *State* v. *Price*, 110 N. C., 599. These allegations are not only not admitted, but are squarely met by affidavits denying such agreement by counsel of the opposite party.

*Mr. W. W. Jones*, for plaintiff.
*Messrs. Cobb & Merrimon*, for defendant (appellant).

CLARK, J. (after stating the facts): Rule 39 of this Court, 104 N. C., 927, provides: "The Court will not recognize any agreement of counsel in any case, unless the same shall appear in the record, or in writing, filed in the cause in this Court. This had long before been the established rule, and recognized as binding by many decisions. Under it *certiorari*, in a case like the present, was again denied as recently as *Graves* v. *Hines*, 106 N. C., 323. The Courts can only admit such verbal agreement, or such part of it, as shall not be denied.

The propriety, indeed the necessity, of such rule, must be recognized by all. Indeed, both the necessity and propriety of it could receive no stronger illustration than the present case, in which allegations of such verbal agreement and waiver are made on oath by several gentlemen of the very highest and most unquestioned personal and professional standing, and denied on oath by a similar number of gentlemen of like character. It is very evident that the recollections of one side are at fault, or that the parties misunderstood each other, in which case there was no perfected agreement. There is no way by which this Court, if disposed (which it is not) to pass upon the conflicting affidavits, could form any definite idea as to which side was more correct in its recollections of what transpired. This difficulty could have been so easily avoided by having the agreement, if made, entered upon the record in open court, or reduced to writing and signed. Any misunderstanding as to the terms would be perceived on their being put in writing, and the writing corrected, or if of doubtful meaning its purport would simply be a matter of legal construction, as in *Mitchell* v. *Haggard*, 105 N. C., 173. This precaution not having been taken, the Court will remit the parties to their legal rights, and the appellant must be denied its motion for a *certiorari*.

In *Walker* v. *Scott*, 102 N. C., 487, where the question was as to whether there was in fact service within the prescribed time, the case was remanded to the Superior Court that such question of fact should there be determined. But here it is admitted that service was not made within the time, and the question is whether there was an oral agreement to extend time and a waiver of legal service by an officer, which, the allegation being denied, the Court will not decide.

The remark in *State* v. *Johnson*, 109 N. C., on page 852, that the failure of an appellant "to serve notice in a legal manner and within statutory time" is subject to the "discretion reposed in the appellate Court to permit notice to be given after that time," is applicable only to appeals from a Justice of the Peace to the Superior Court, as may be seen by reference to the cases there cited. This is on account of the small amounts at issue in such cases, and the fact that often parties are not represented by counsel and are ignorant of the time and other requirements as to taking an appeal. Even in such cases the exercise of the discretion should be sparing. *State* v. *Johnson, supra*, on page 855. Probably it would not be exercised where, in fact, counsel had appeared before the Justice. But in appeals to this Court it has always been held that the statutory requisites cannot be dispensed with by this Court, nor by the Court below, except with the assent of counsel. See numerous cases cited in Clark's Code (2d edition), p. 574, and *State* v. *Price*, 110 N. C., 599. When such agreement of counsel is not in writing it is deemed legally non-existent if denied.

A very little care in reducing agreements to writing will avoid such controversies as the present, which must be unpleasant to all parties concerned. It is to be hoped that hereafter counsel will, in every instance, put their agree-

ments in writing, or have them entered of record when for any reason they may think best to depart from the plain provisions of the statute. If they do not care to do this the Courts will not pass upon controversies as to the terms or existence of such agreement. *Hemphill* v. *Morrison*, at this Term. The judgment must be          Affirmed.