There was verdict and judgment for defendant, and plaintiff appealed. The essential facts are stated in the opinion of Associate Justice Clark. *Page 503 
There is no exception set out in the case on appeal other than "To the whole of this charge the plaintiff excepted." It does not affirmatively appear that there was not more than one proposition of law laid down in the charge, and this exception by the repeatedly repeated rulings of this Court, cannot be considered (Hopkins v. Bowers, 111 N.C. 175; S. v.Frizell, ib., 722), and there being no error apparent on the face of the record proper, the judgment is affirmed.
It is true that, as to the charge, the appellant can file exceptions within ten days, and when he has placed them in his statement of case on appeal he can have a certiorari for them when omitted by the judge. Lowe v. Elliott, 107 N.C. 718. But the appellant did (758) not take this course. After the case on appeal was settled he filed in the clerk's office sundry exceptions to the charge. This does not serve the purpose of requiring the exceptions to be made specifically in appellant's statement of the case, which is that the judge, in settling the case, may send up as much of the evidence as is necessary to us in passing upon the correctness of the parts of the charge excepted to, and that the appellee may be prepared at the "settlement" of the case and in argument here to meet the appellant upon the grounds he has selected. These exceptions were, therefore, improperly sent up. They are not properly a part of the transcript on appeal. For his delay in this regard the appellant's excuse in this case is that the judge extended the time to file exceptions. But the time being fixed by statute, the court was without authority to extend it without consent of the appellee. S. v. Price,100 N.C. 599 (on p. 602).
The consent is denied, and, not being in writing, the Court cannot consider affidavits to decide the question. Rule 39 of the Supreme Court; Clark's Code, p. 704, and numerous cases there cited. The Court is here to decide litigated questions between the parties presented by the appeal, but not disputed questions as to the recollection of counsel in regard to agreements or waivers which could so easily be avoided by proper entries on the record, or by being reduced to writing. Sondley v. Asheville, ante, 694.
NO ERROR.
Cited: Sondley v. Asheville, ante, 697; Graham v. Edwards, 114 N.C. 229;Pipkin v. McArtan, 122 N.C. 194; Hahn v. Brinson, 133 N.C. 8;Mirror Co. v. Casualty Co., 157 N.C. 31. *Page 504 
(759)