A. W. GRAHAM v. L. C. EDWARDS.

*Practice — Docketing Appeal — Dismissal — Motion to Re-instate — Verbal Agreement of Counsel — Failure of Clerk to send up Record — Certiorari.*

1. An appeal not docketed before the close of the call of the District to which it belonged at the Term of this Court next succeeding the trial or (upon failure of appellee to move to dismiss under Rule 17) during the Term will be dismissed, on motion, if docketed at the Term following that at which it should have been docketed.

2. An alleged verbal agreement between counsel that an appeal not docketed at the proper time should go over to the next Term will not be considered if denied by the appellee. (Reiterated suggestions of the Court as to the necessity and propriety of having all agreements between counsel reduced to writing or noted in the minutes of the Court).

GRAHAM *v.* EDWARDS.

3. Where the Clerk of the Court below delays to send transcript of record in time to docket the appeal a *certiorari* should be applied for by the appellant at the Term next succeeding the trial below, but after the expiration of such Term a *certiorari* will not issue.

PETITION of plaintiff to re-instate appeal dismissed at September Term, 1893, for that the same was not brought to the proper Term of this Court.

*Messrs. J. W. Graham* and *T. T. Hicks*, for petitioner.
*Messrs. Batchelor & Devereux, contra.*

CLARK, J.: This action was tried at November Term, 1892, of the Court below, and should have been docketed here before the close of the call of the District to which it belonged at Spring Term, 1893. Though, as the appellee did not move to dismiss under Rule 17, the appeal could have been docketed at any time during that term. *Porter* v. *Railroad,* 106 N. C., 478. The appeal was not docketed till Fall Term, 1893, and was then, on motion of appellee, dismissed. This is a motion to re-instate the appeal made at Fall Term and continued over to this. It is based on two grounds:

1. That the counsel for the appellee agreed that the docketing of the appeal might go over till the Fall Term. The alleged agreement was not in writing and is denied by appellee's counsel. It cannot, therefore, be considered. Rule 39 of this Court and numerous cases cited in Clark's Code, second edition, 704. This Court is for the correction of errors of law committed in the trial of causes below. We cannot be called upon to settle disputed matters of fact arising upon oral agreements of counsel. *Hemphill* v. *Morrison,* 112 N. C., 756. The duty of passing upon the correctness of memory of counsel as to such agreements when there is a difference is a delicate one. It is not contemplated by the

statute that we should be called upon to discharge such function, and we have no right or disposition to assume it. We again repeat, as was lately said in *Sondley* v. *Asheville*, 112 N. C., 694: "It is to be hoped that hereafter counsel will in every instance put their agreements in writing or have them entered of record, when for any reason they may think best to depart from the plain provisions of the statute. If they do not care to do this the Courts will not pass upon the controversies as to the terms or existence of such agreements." Our brethren of the bar owe it to themselves and to the Court to avoid bringing such controversies hereafter before the Courts. Their experience as lawyers must impress upon them the treachery of memory among the very best of men. If not disposed to guard against differences of recollection by the easy mode of reducing agreements to writing or having them entered on the minutes, the Courts have no process to gauge the accuracy of their respective recollections.

2. The second ground is that the Clerk of the Superior Court was dilatory in sending up the transcript. Without adverting to the affidavit of the Clerk and his deputy denying any laches on their part, it is sufficient to say that if by fault of the Clerk the transcript was not sent up the appellants should have filed their application for a *certiorari* at Spring Term, 1893, being the first term after the trial below. As they failed to do so they were not entitled either to docket the appeal or to a *certiorari* after that term. *Pittman* v. *Kimberly*, 92 N. C., 562; *Suiter* v. *Brittle, Ibid.*, 53; *State* v. *James*, 108 N. C., 792; *Pipkin* v. *Green*, 112 N. C., 355.          Motion denied.