In February, 1880, the parties above named filed a petition in the Superior Court of Rockingham for a partition of the land of William and Robert Herbin, deceased, they being heirs at law of Robert and devisees of William Herbin. Partition was had, the report of the commissioners confirmed and registered in said year, and by this decree it is known as lot No. 1 in lot No. 2 and allotted to Robert Herbin, who soon thereafter died intestate in Guilford County. Subsequently William P. McLean was appointed his administrator, in Guilford, and filed a petition in the office of the clerk of the Superior Court of this county for license to sell the lands which belonged to Robert Herbin, as aforesaid, to make assets to pay debts, and to this proceeding all the parties in this cause, except the respondent, Mary E. Wagoner, and her husband, were made defendants. Under a decree rendered in *Page 407 
said cause the said W. P. McLean, administrator as aforesaid, sold the said land, which had been allotted to Robert Herbin, (658) as aforesaid, on 4 April, 1881, when one Simeon Wagoner became the purchaser, and upon said sale being confirmed the said administrator, as directed, executed to Simeon Wagoner the deed appearing in the record, marked "Exhibit A."
On 8 June, 1888, Simeon Wagoner, above named, having died intestate in Guilford County, Elizabeth Wagoner, who had theretofore been appointed his administratrix, filed a petition in the Superior Court of Guilford to sell the lands of her intestate to make assets to pay debts, and subsequently the same was sold by her, when the respondent, Mary E. Wagoner, bought this tract, known as lot No. 1, in subdivision No. 2, which was previously bought by Simeon Wagoner from William P. McLean, administrator, and Elizabeth Wagoner, administratrix, executed and delivered a deed therefore, which is duly recorded in Guilford County.
On 28 June, 1895, William H. Herbin filed a petition in the original partition cause in Rockingham, which had been begun in 1880, as aforesaid, alleging that a mistake had been made by the draftsman of the report, and that lot No. 1, in subdivision No. 2, should appear as having been allotted to him instead of to Robert Herbin, and asked the court to enter a decree correcting the same, in accordance with the prayer of his petition, and asking that a notice be issued to the respondent, Mary E. Wagoner, who claimed the land under Robert Herbin, requiring her to appear before the said clerk on a day therein named and show cause why the prayer of petitioner should not be granted. The said Mary E. Wagoner appeared and filed an answer. numerous affidavits were produced on both sides, and exhibits, including the transcripts of the two proceedings, had in (659) the Superior Court of Guilford, and the two deeds hereinbefore referred to.
The clerk rendered judgment for amending the record, whereupon the respondent excepted and appealed to the Superior Court. Upon a hearing before Norwood, J., at Rockingham Superior Court, the judgment was affirmed, when the respondent, Mary E. Wagoner, again excepted and appealed to the Supreme Court, assigning as error:
1. In that the court held that the mistake complained of should be corrected, to the prejudice of Mary E. Wagoner, the purchaser, who had no notice of such mistake.
2. In not holding that the petitioner was barred on account of hislaches. *Page 408 
The defendant appellant had her case on appeal duly served on plaintiff's attorney, who prepared his exceptions thereto and returned the same, with his copy, to an attorney supposed by him to represent the appellant, without any acceptance or service by the sheriff. These papers remained with said attorney, and the papers were never sent to the judge who tried the case, and no case was settled for this Court by the judge. The appellant had the transcript docketed in this Court with her case on appeal. The plaintiff appellee now comes and moves for an order for a writ of certiorari to be issued to the lower court to settle the case, alleging on affidavit, among other things, that said attorney did represent defendant in the Superior Court, that service was waived, and an agreement (verbal) made that the papers should be sent to the judge to settle (660) the case, etc. These allegations, by affidavit, are denied by the attorneys alleged to have represented the appellant in the Superior Court.
This Court would be embarrassed with the unpleasant duty of finding facts at issue between members of the bar but for the statute and rules and decisions of this Court to the effect that a case on appeal, or countercase, must be served by the sheriff, unless service be accepted in writing and made a part of the record. This case illustrates the reasonableness of such rules. Assuming, then, for the sake of argument only, that the plaintiff's allegations are true, that the counsel represented the defendant, we cannot grant his petition, for the reason that the waiver is denied and the countercase was neither duly served nor accepted in writing. State v. Price, 110 N.C. 599; Forte v. Boone,114 N.C. 176; Sondley v. Asheville, 112 N.C. 694; Graham v. Edwards,114 N.C. 228, and cases cited; Rule 39 of Supreme Court.
1. It appears that certain lands were partitioned among the plaintiffs and confirmed by decree of the court, and that in the division a mistake was made by the draftsman of the commissioners' report in allotting lot No. 1 to the heirs of Robert Herbin instead of W. H. Herbin, and that said land was afterwards sold for assets as the property of Robert and purchased and paid for by Simeon Wagoner and deed made by order of the court.
2. That subsequently the administratrix of Wagoner sold the same land for assets, and the defendant, Mary E. Wagoner, purchased and paid for the land and received a deed under a decree of the court. In June, 1895, the plaintiffs, who were parties to the original *Page 409 
proceeding, notified defendant to show cause in that original proceeding why said mistake should not be corrected by amending the record therein, and it was adjudged by the court that such amendment be made, and defendant appealed. In all of said proceedings all proper parties were before the court, and it is not denied that the (661) court had jurisdiction of the parties and the subject-matter.
The question is now presented whether the plaintiffs, who were parties to the action in which the mistake occurred, or the defendant, who was not a party and is a purchaser for value and without notice, shall bear the loss or inconvenience of the mistake.
The law favors protection to innocent purchasers at judicial sales, and all respectable courts have held that they should be protected against irregularities under their decrees when the jurisdiction is complete, even on a motion in the original cause.
The question was well considered by this Court in Sutton v. Schonwald,86 N.C. 198, and it was held accordingly that the purchaser's title was not rendered invalid by the reversal of the decree on account of irregularity in the proceeding, of which the purchaser had no notice. In that case the defendant acted as guardian of two infants, being, however, guardian for only one, and sold the land of both under an order of the court, and the sale was upheld. The Court said: "Hence it is that a purchaser who is no party to the proceeding is not bound to look beyond the decree if the facts necessary to give the court jurisdiction appear on the face of the proceeding. If the jurisdiction has been improvidently exercised it is not to be corrected at his expense who had the right to rely upon the order of the court as an authority emanating from a competent source; so much being due to the sanctity of judicial proceedings, and upon every principle of policy or strict right, it should not be allowed to be reversed (though in a direct proceeding in the same court) at the cost of an innocent purchaser." The injured party must look elsewhere for his redress.
We have many other decided cases of the same import (662) in which the rights of third persons are protected. Morris v.Gentry, 89 N.C. 248; England v. Garner, 90 N.C. 197.
In this case it was sufficient for the defendant to see jurisdiction and a final decree, and she was justified in presuming that the proceedings on which the judgment was entered were regular.
Reversed.
Cited: Smith v. Smith, 119 N.C. 317; Card v. Finch, 142 N.C. 146;Rackley v. Roberts, 147 N.C. 208; Lawrence v. Hardy, 151 N.C. 129;Credle v. Baugham, 152 N.C. 20. *Page 410