STATE v. A. JOURNIGAN.

*Indictment for Perjury—Instructions—Expression of Opinion by Trial Judge—Case on Appeal.*

1. A charge by the trial judge, in the trial of an indictment for perjury, that perjury was very much a matter of intent, and that as to that the jury must be satisfied beyond a reasonable doubt upon "all the facts and circumstances of the case deposed to by the witnesses," contains no expression of opinion of the judge.

2. In the absence of any allegation or ground to the contrary, a case on appeal certified by the judge presiding at the trial will be taken as correct, where the notes of the evidence and charge were not accessible in making up the case.

INDICTMENT for perjury, tried before *Graham, J.*, and a jury, at Fall Term, 1896, of FRANKLIN Superior Court.

The defendant was convicted and appealed.

*Mr. Attorney General Zeb V. Walser*, for the State.

*Messrs.. C. M. Cooke & Son*, for defendant (appellant).

FAIRCLOTH, C. J.: The defendant is indicted for perjury. No exception was taken to the evidence. The court charged the jury that perjury was very much a matter of intent, and that on that they must be satisfied beyond a reasonable doubt upon "all the facts and circumstances of the case as deposed to by the witness." We see no expression of opinion on the part of the court in any part of the charge, and the verdict must be taken as conclusive on the question of intent. It is not error, in a civil action, for the court to instruct the jury that if they believe the evidence the defendant is guilty, although it would be in a criminal action in which the intent is a material element. *State* v. *Gaither*, 72 N. C., 458; *Hannon* v. *Grizzard*, 89 N. C., 115; *State* v. *Riley*, 113 N. C., 648. In the latter case the distinction between *civil* and *criminal* actions on this subject is pointed out, and cases cited. The exception to the charge is overruled.

The notes of the court containing the evidence and the charge were, in some way, misplaced and not accessible to the counsel or the court in making up the case, but his Honor certifies the case to this court, saying, "But the facts in the case are comparatively fresh in my mind, and the above is a substantial statement of the evidence and charge." We must take the case to be correctly stated, especially in the absence of any allegation or ground laid to the contrary, except by way of argument to the sufficiency of the case as stated.

                                                    Affirmed.