State ex rel J. W. PIPKIN et al v. C. McARTAN et al.

(Decided March 8, 1898.)

### Appeal—Service of Case on Appeal—Practice—Rule of Court—Agreement of Counsel—Entry on Record.

1. As the time for service of case on appeal is fixed by statute, it cannot· be extended by the trial judge or otherwise except by consent.

2. Stipulations as to extension of time for service of case on appeal must be entered on the record or be contained in some writing; otherwise, if an alleged agreement for such extension is denied it will not be considered by this Court.

3. An entry on the Superior Court docket of "20 days" is meaningless in itself but, if it was an entry which the Court was authorized to make, the Judge could at a subsequent term draw it out at greater length so as to make the record speak the truth.

CIVIL ACTION tried at November Term, 1897, of HAR-NETT Superior Court before *Robinson, J.* There was a judgment for the defendants and the plaintiffs appealed. In this Court, the appellees moved to dismiss the appeal on the ground that the case on appeal was not served in due time.

*Mr. D. H. McLean* for plaintiffs (appellant).
*Messrs. Simmons, Pou* and *Ward* for defendants.

*Per Curiam:* The statute having fixed the time allowed for serving notice of appeal, and cases on appeal and counter cases, the Judge cannot extend time. *Woodworking Co* v. *Southwick*, 119 N. C , 611; *Hemphill* v. *Morrison*, 112 N. C., 757. It can only be done by consent. Here, counsel on one side swear that consent was given, and the other side deny this, and the alleged agreement must be disregarded. Rule 39; *Sondley* v. *Asheville*, 112 N. C., 694; *Graham* v. *Edwards*, 114 N. C., 228. The entry on the docket, "20 days," means noth-

ing in itself, but if it was an entry the Court was au-
thorized to make, the Judge at the next term could draw
it out at greater length to make the record speak the
truth, but as the only validity it has is as the alleged
agreement of counsel, and the context whether it was
made by counsel, and its meaning, could only be deter-
mined upon conflicting affidavits of counsel, it must be
disregarded.   Consent to extension of time is not shown.
There is hence no valid case on appeal, and there being
no error on the face of the record proper, the judgment
is affirmed.

Affirmed.