BARBER v. JUSTICE.

(Filed April 4, 1905).

*Appeal—Countercase—Time of Service—Correction—Certiorari.*

1.   Neither this court nor the court below can change, without agreement of both parties, the requirements of section 550 of the Code, which provides that if the appellant's case on appeal is not returned by appellee in five days "with objections" it shall be deemed "approved."

2.   Where appellee's counter case through inadvertence of counsel, was not served until the eighth day after service of appellant's case on appeal, a motion by appellee for certiorari will be denied though appellee produces a letter from the trial judge that appellant's case is erroneous and if given an opportunity he will correct it.

BARBER *v.* JUSTICE.

3.  It is only when the trial judge has settled the case on appeal, in
    the exercise of his proper jurisdiction, that this court, upon
    affidavit of error therein, and a letter from the judge that he
    wishes to make the correction, will give him such opportunity.

ACTION by W. T. Barber against Luther Justice, heard
by *Judge R. B. Peebles* and a jury at the October Term,
1904, of the Superior Court of SCOTLAND County. From
a judgment for the defendant, the plaintiff appealed. Ap-
pellee's motion for a certiorari being denied, he assented to
a new trial.

*John D. Shaw & Son & Gibson,* for appellant.
*Johnathan Peele* and *M. L. John,* for appellee.

CLARK, C. J. Motion by appellee for certiorari. The
appellant served his statement of case on appeal within the
statutory time. Appellee's counter-case was not served until
the eighth day thereafter. The Code, Sec. 550, provides that
if the appellant's case is not returned by appellee in five days
"with objections" it shall be "deemed approved." *State v.
Price,* 110 N. C., 600 and cases cited. There is no agree-
ment to extend time alleged or admitted and neither this
court nor the court below can change the statutory require-
ment. The appellee does not allege that he was misled by the
opposite party but says that he relied upon the statement of
another member of the bar that he had ten days in which
to serve his counter-case. In a criminal case, *State v. Downs,*
116 N. C., 1066, the court said: "Ignorance of law ex-
cuses no one and the vicarious ignorance of counsel has no
greater value, *State v. Boyett,* 32 N. C., 336. * * *
If ignorance of counsel would excuse violations of the crim-
inal law the more ignorant counsel could manage to be the
more valuable and sought for, in many cases, would be his
advise." If this is true in criminal cases, certainly the in-
advertence of counsel in a civil case cannot be more effica-

cious. In *Phifer v. Ins. Co.,* 123 N. C., 410; *Douglas, J.*
says: "While it is always matter of regret that any one
should suffer by following the advice of licensed attorneys
we cannot ignore the rights of adverse parties, or disturb the
orderly procedure of the courts without sufficient cause."

If the judge had notwithstanding "settled" the case, it
would not have cured the failure to serve counter-case in
time, for the judge could no more extend the statutory time
after failure to serve counter-case in time than he could be-
forehand. *Barrus v. Railroad,* 121 N. C., 505; *McNeill v.
Railroad,* 117 N. C., 642; *Forte v. Boone,* 114 N. C., 176.
Knowing the above and similar authorities the judge below
did not attempt to settle the case, but the petitioner pro-
duces a letter from him that the appellant's "case" is ex-
ceedingly erroneous and if given an opportunity he will cor-
rect it. The appellee had an opportunity to do this by filing
his exceptions to appellant's case within five days after ser-
vice thereof and not having done so he waived the right to
have the matter submitted to the judge for correction. The
case must be "deemed approved," says the statute, Code Sec.
550. In *Ice Co. v Railroad,* 125 N. C., 17 the application
was from the appellant fixed with a heavy judgment (and
not as here from appellee who can but suffer a new trial,)
the facts were exceptional and that case is a precedent which
can rarely be followed and only under a like unusual com-
bination of circumstances.

It is only when the judge has settled the case, in the ex-
ercise of his proper jurisdiction, that upon affidavit of error
therein and a letter from the judge that he will correct it
if given the opportunity, the court will give him such oppor-
tunity. Such letter from the judge is required, not as a
courtesy to him, nor as an acknowledgment of any inherent
discretion in him, but because it would usually be doing a
vain thing, and most often would result in needless delay, to
grant a *certiorari* to give the judge opportunity to correct

a case, already certified by him as correct, unless counsel have had the diligence to procure a letter from the judge that he wishes to make the correction. *Cameron v. Power Co,.* 137 N. C., 104; *Sherrill v. Tel. Co.,* 116 N. C., 654; *Boyer v. Teague,* 106 N. C., 571 and other cases cited in Clark's Code (3 Ed.) p. 936. Here the judge not having been vested with jurisdiction to settle the case, by reason of appellee's failure to file exceptions to appellant's case in the time allowed by law, this court cannot set aside the appellant's rights under the statute and confer jurisdiction by issuing a *certiorari.*

Upon the motion being denied, the appellee in open court assented that a new trial should be awarded, and it is so ordered.

*Per Curiam:*

New Trial.