## COZART v. ASSURANCE COMPANY.

(Filed November 7, 1906).

*Statute Regulating Appeals—Case on Appeal—Agreement of Counsel—Custom of Local Bar—Negligence of Counsel.*

1. The courts have no power to extend the statutory time for serving the case on appeal and counter-case, and where the parties have agreed upon the time, this is a substitute for the statutory time, and the courts cannot further extend it.

2. The custom and general understanding of the bar in the county where the case was tried cannot prevail against the terms of the statute regulating appeals nor against the agreement of the parties.

3. Compliance with the statutory regulation as to appeals is a *condition precedent,* without which (unless waived) the right to appeal does not become potential. Hence, it is no defense to say that the negligence is negligence of counsel and not negligence of the party.

ACTION by Cozart, Eagles & Carr against Assurance Company of America, heard by *Judge E. B. Jones* and a jury, at the February Term, 1906, of the Superior Court of WILSON. This is a petition by the plaintiff for *certiorari*.

*Aycock & Daniels* for the petitioners.
*Busbee & Busbee* in opposition.

CLARK, C. J. At the time the appeal was taken counsel made the following agreement in open court, which the Judge caused to be entered on the docket: "Plaintiffs allowed ninety days to serve case, and defendants allowed sixty days thereafter to serve counter-case." The plaintiffs did not serve their case within the time agreed, and when it was served several days thereafter the defendants ignored it, as they had a right to do, and on their motion the appeal was affirmed in this Court—there being no error upon the face of the record proper. This is a motion to reinstate and for a

*certiorari* that the case may be "settled" by the trial Judge.

If the parties had not agreed upon an extension of the statutory time, the Court had no power to extend it. *Pipkin v. McArtan,* 122 N. C., 194, and cases cited. The time agreed is a substitute for the statutory time, and the courts cannot further extend it. If the trial Judge had settled the case on appeal, it would not have cured the failure to serve the case in apt time. *Barrus v. Railroad,* 121 N. C., 504, and cases cited.

This matter has been recently reviewed and the authorities reaffirmed in a case "on all fours" with this, *Barber v. Justice,* 138 N. C., 20. Counsel for appellants strenuously insist that the custom and general understanding of the bar, in the county where this case was tried, has been for years that no advantage will be taken of the failure to serve case or counter-case on appeal in apt time.

In *Wilson v. Hutchinson,* 74 N. C., 432, this Court held that such understanding or custom among lawyers could not prevail against the terms of the statute regulating appeals, and of course it cannot prevail against the agreement of the parties. Besides, if they were relying on such custom, why was this agreement made and entered on the docket? As this Court has often said: "Counsel are the best, indeed, the sole, judges as to what courtesies they will extend to each other. The courts administer rights."

The appellant contends that the neglect being the neglect of counsel, the client should not be hurt by it. This, if held, would simply repeal all legislative regulation of appeal. The more careless and disregardful counsel could be of the law regulating appeals, the more certain clients would be of delay and postponement, if desired. In truth, compliance with the statutory regulations as to appeals is a *condition precedent,* without which (unless waived) the right to appeal does not become potential. Hence, it is no defense to say that the negligence is negligence of counsel and not negli-

gence of the party. The action which under the statute is necessary to be taken in apt time to save the right of appeal, was not taken, and there is no legal "case on appeal."

In such cases the remedy of the client is by action against the counsel for the damages sustained, if any. In *Ice Co. v. Railroad,* 125 N. C., 17, all of appellant's counsel were insolvent, and there were other exceptional circumstances. In the later case of *Barber v. Justice,* 138 N. C., 20, the Court said that *Ice Co. v. Railroad* was a precedent which could rarely be followed, and only in a like unusual combination of circumstances.

We have, however, looked into the appellant's petition, and taking his allegations to be true, even in the most favorable light for him, we think that substantial justice has been done, and that the appeal could not have availed the plaintiff if it had been duly perfected.

Motion Denied.

CONNOR, J., did not sit on the hearing of this case.