BOARD OF EDUCATION OF GRAHAM COUNTY v. B. M. ORR
ET ALS.

(Filed 14 December, 1912.)

1. Appeal and Error—Parol Agreement.

A parol agreement made between the parties to an appeal will not be considered by the Supreme Court if denied.

2. Appeal and Error—Written Agreement—Time to Serve Case—Computation—Interpretation of Statute.

When there is a written agreement made between the parties to an action extending the time allowed by the statute as to the service of the case, counter-case, or exceptions, the service by either of the parties after time specified therefor in the agreement is void; and in computing the time, the first day allowed in the time extended is counted as well as the last, allowing the full number of days agreed upon.

APPEAL by plaintiff from *Webb, J.,* at Special Term, 1912, of GRAHAM.

*Morphew & Phillips for plaintiff.*
*A. D. Raby for defendants.*

CLARK, C. J. This case came up on the appellant's appeal, the appellee's counter-case not having been served in time.

The defendant moved for a *certiorari* to send up the appellee's case as the case on appeal because the appellant had not sent the papers to the judge to be settled on appeal. The appellee's counsel filed an affidavit that there was an oral agreement between himself and the counsel for the appellant to waive the stipulation as to the time of serving the counter-case. The appellant's counsel filed counter-affidavits denying such agreement. According to the settled practice of this Court, we cannot decide when the recollection of counsel in such matters differs. Such agreements should always be in writing to prevent such controversies as this. When this is not done, the Court will decline to consider the alleged agreement at all.

In *Graham v. Edwards,* 114 N. C., 230, the Court said: "We again repeat, as was lately said in *Sondley v. Asheville,* 112 N. C., 694: 'It is to be hoped that hereafter counsel will in

BOARD OF EDUCATION v. ORR.

every instance put their agreements in writing or have them entered of record, when for any reason they may think best to depart from the plain provisions of the statute. If they do not care to do this, the courts will not pass upon controversies as to the terms or existence of such agreements.' Our brethren of the bar owe it to themselves and to the courts to avoid bringing such controversies hereafter before the courts. Their experience as lawyers must impress upon them the treachery of memory among the very best of men. If not disposed to guard against differences of recollection by the easy mode of reducing agreements to writing, or having them entered on the minutes, the courts have no process to gauge the accuracy of their respective recollections." This case has often been cited since. See citations to this case in the Anno. Ed. of 114 N. C., 230.

The defendant further contends that his counter-case was served in time under the agreement of record. This agreement was that the "appellant's case should be served in thirty days and the appellee's in thirty days thereafter." Court adjourned on 27 June. The appellant's case on appeal was served on 27 July. The appellee's counter-case was served on 27 August, which, there being thirty-one days in July, was the 31st day thereafter, and too late. The appellee contends that under Revisal, 887, as to the computation of time, "excluding the first day and including the last," the day (27 July) on which the appellant's case was served should not be counted and that the next day (28 July) should be considered the first day and also excluded, and therefore service of the counter-case on 27 August was in time. This is ingenious, but not sound. The first day on which the counter-case could have been served was 27 July, the day on which the appellant's case was served on the appellee, and this is excluded. While it was not probable that the appellee would serve his counter-case on that day, still had he done so it would have been legal. The reason the first day is excluded is because it is usually only part of a day.

To give the appellee the addition of another day by excluding, in addition, 28 July also, would reverse all our holdings, in numerous cases. For instance, when court adjourned on 27 June, if no notice of appeal was then given, the appellant could

have given it "in ten days thereafter." In making the compu-
tation, 27 June, the day of adjournment, would be excluded, and
notice must have been given, at the latest, some time on 7 July.
He would not have been allowed to consider 28 June as the first
day and exclude that also, so as to make service on 8 July suffi-
cient. The service of process must be made ten days before the
return day, which is on Monday of court. Hence service on
Friday is sufficient, because, excluding that day and including
Monday, there are ten days. Upon the rule contended for by
the appellee of excluding the first day of the ten days, service
would have to be made on Thursday.

In numerous cases where by agreement "thirty days to serve
case of appellant and thirty days thereafter to serve counter-
case," the same computation that we hold in this case has always
been observed. *Mitchell v. Haggard,* 105 N. C., 173; *Hardee v.
Timberlake,* 159 N. C., 552. The first day on which the act
could have been done, which here was on 27 July, is excluded
and thirty full days, counting 28 July as one of them, expired
26 August. There must always be some time specified either
by statute or by agreement, and the failure to observe the time
is fatal, whether it is by one day or more. If the specified time
is to be exceeded, there is no rule to measure such time that can
be allowed in excess. There is an exception when there is fraud
or misrepresentation, which is not alleged here, or a waiver,
which cannot be shown if denied, unless the waiver is in writing.

The case must therefore be heard upon the appellant's case
on appeal which is sent up in the record.

Motion denied.