T. H. LINDSEY v. SUPREME LODGE OF KNIGHTS OF HONOR
AND
W. A. JAMES v. SUPREME LODGE OF KNIGHTS OF HONOR.

(Filed 29 December, 1916.)

1. Appeal and Error—Statutes—Conditions Precedent.

> The statutory requirements as to making up cases on appeal to the Supreme Court and docketing them (Revisal, sec. 591) are conditions precedent which must be complied with, or the appeal will be dismissed.

**2. Appeal and Error—Case—Service—Extension of Time—Courts—Written Agreement.**

The trial judge has no power to extend the statutory time for service of case or counter-case on appeal, and this can only be done by agreement between counsel, and will be enforced only when put in writing.

**3. Appeal and Error—Rules of Court—Transcript.**

A transcript of the record proper should be filed by appellant in the Supreme Court to entitle him to move for a *certiorari* under Rule 17; and the filing of the original papers, which should remain in the office of the Superior Court, is insufficient.

**4. Appeal and Error—Rules of Court—Motions to Dismiss—Transcript Duplicate.**

Where the appellant has filed a certificate of the clerk below that the case had been tried there, giving the names of the parties, and unsuccessfully applied for a *certiorari* in the Supreme Court, it is not necessary to appellee's motion to dismiss, under Rule 17, that he should duplicate the certificate.

**5. Same—Motion to Reinstate.**

An appellant who has been guilty of gross laches in not complying with the statute and rules of Court regulating appeals is not entitled to have it reinstated after appellee's motion to dismiss or affirm has been granted.

**6. Same—Indorsement of Service—"Due Time"—Written Agreement.**

Where the appellant has indorsed on his case on appeal for the appellee to sign, "Accepted in due time," which the latter has stricken out before signing, and the case was served after the statutory time without written agreement as to extension of time: *Held*, a motion to reinstate will be denied.

ALLEN, J., dissents; HOKE, J., concurs in dissenting opinion.

APPEAL by defendants from *Adams, J.,* at August Term, 1916, of BUNCOMBE.

*Jones & Williams for plaintiffs.*
*Bourne, Parker & Morrison, Winston & Biggs for defendants.*

CLARK, C. J. This is a motion to reinstate the appeal in these cases, which were dismissed on 5 December, 1916.

The records of this Court show the following entries: "Appeal docketed 27 November, 1916; 5 December, motion of plaintiff to dismiss the appeal allowed and motion of defendant for *certiorari* denied. On 9 December defendant filed transcript on appeal and moved to reinstate and for *certiorari*. The plaintiff, appellee, moved to dismiss defendant's motions. Motion set for Friday, 15 December, and plaintiff moved to affirm or dismiss for failure to serve case on appeal on time, for that appellant did not file transcript within time required, and also, under Rule 17, to docket and dismiss. December 22, motions argued and petition for *certiorari* and motion to reinstate denied."

This Court has repeatedly called attention to the fact that this Court sits to hear appeals upon the merits; that the statutory requirements as to making up appeals and docketing the same are plain, Revisal, 591, and that if not complied with the "condition precedent," which authorizes an appellant to docket an appeal, not having been observed, the attempted appeal will be dismissed, because it has no legal right to be considered. *Vivian v. Mitchell,* 144 N. C., 472, and numerous cases there cited; *Cozart v. Assur. Co.,* 142 N. C., 523; *Barber v. Justice,* 138 N. C., 21.

The Court has also called attention to the fact that the judge below cannot extend the time for service of case and counter-case or for service of notice of appeal, *Barber v. Justice,* 138 N. C., 22; that while counsel may do it by consent, if there is a dispute between them the court will not attempt to pass upon the veracity of counsel, but if the alleged agreement is denied it will be disregarded, for it was the duty of counsel seeking an indulgence of this kind in derogation of the statute and the rights of the other party to put the agreement in writing. *Graham v. Edwards,* 114 N. C., 228; *Sondley v. Asheville,* 112 N. C., 694, and numerous cases citing the same, in Anno. Ed.

This case was docketed by the appellee on 27 November, 1916. He did not, however, docket the "transcript on appeal," but attempted to file the original papers from the court below. This was not the "transcript" on appeal required by the statute and by the rules of this Court, and, besides, was contrary to the rules of Court, which strictly prohibit the original papers in any cause from being taken out of the office of the Superior Court. While the "transcript" of the record proper was not filed, there was filed, however, a certificate by the clerk below that such a case had been tried in the court below, giving the names of plaintiffs and defendants, and thereupon the motion of the appellee to dismiss was valid under Rule 17. It was not necessary for him to duplicate the certificate which had been filed by the appellant, under Rule 17. It was also properly allowed because the appellant did not file a "transcript of the record proper," which was essential to give him a standing in court to move for a *certiorari* for the rest of the record. He could not be relieved from filing the transcript of the record proper "because it could not be found," for he had it.

On motion to reinstate, the above facts appearing, there was gross laches and he was not entitled to reinstatement. It further appears from the affidavit of the appellee that the appellant served the case on appeal after the time agreed upon; that the appellant had indorsed on his statement of the case, "Accepted in due time," and that the appellee's counsel struck out the words "in due time," and that he neither then nor at any other time agreed to waive the failure of the

appellant to serve the case on appeal in time. The appellee's counsel avers that the original of appellant's case will show that these words were struck out. The appellant does not controvert this fact; but if he did, by the uniform and necessary practice of this Court when no agreement in writing is filed, we cannot hear an allegation of an agreement between counsel to waive time if that allegation is denied by the opposite counsel. Again and again the Court has stated that it will not permit itself to be placed in the unpleasant position of passing upon the veracity or the correctness of the recollections of counsel; that the statutory requirements as to time are plain and unmistakable, and when not observed the Court will dismiss the appeal unless the waiver is in writing or is admitted. Here it is not shown in writing and is denied under oath. If we could pass over the other instances of laches, such as not having the transcript of the record proper filed in time; the violation of the rules of Court in attempting to file the original papers here and improperly taking the original records from the office of the court below (a practice which would lead to endless abuse); if we could overlook these matters, still it would not avail the appellant to reinstate the appeal, for under the statute the appeal would be necessarily dismissed for failure to serve the case on appeal in time.

If counsel think that the judge below has erred, he has a right to appeal, but only upon complying with the "conditions precedent" required by the statute, *Cozart v. Assur. Co.,* 142 N. C., 522, of giving notice of appeal and making up his case on appeal in the time and manner prescribed, service of same in the proper manner, docketing the same in the prescribed time, and the due assignment of errors and the printing of the case on appeal and of the brief in proper time, Pell's Revisal, 591, and notes. These requirements are plain and explicit and are for the purpose of avoiding the great waste of time in controversies between counsel over the routine of getting an appeal into this Court. Much time has been consumed uselessly in this very matter, when if counsel for the appellant had complied with the plain letter of the statute, which all other appellants must observe, it would have been avoided. We cannot make an exception to these requirements without opening a sluice-way for evils and the employment of the time of the Court in considering similar allegations in any and every case in which appellant's counsel might think that he should be entitled to disregard the rules applicable to all others. Such controversies are a needless consumption of time. They do not happen in the Supreme Court of the United States, and should not be tolerated here.

There is one plain way for an appellant to bring his cause to this Court, and that is to observe the statutory requirements. If he has

an agreement with counsel on the other side, it should be put in writing, for if denied, as in this case, we cannot consider such controversy between counsel.

The appellant did not docket his case on appeal in time, and on the certificate filed by himself that there was such case and such appeal the appellee was entitled to have it dismissed under Rule 17, without filing an additional certificate of his own. The appellant did not file a "transcript of the record" on appeal, but, in violation of the rules, attempted to file the original papers in the cause below. This Court cannot recognize such practice as valid. Not having filed the transcript of the record proper in apt time, the appellant was not entitled to *certiorari.* The appellant did not file his brief in time. He did not serve his case on appeal in time, and his allegation that the appellee waived such failure is flatly denied by the affidavit of the appellee's counsel, and therefore in purview of the law it was not made.

The motion to reinstate and for *certiorari* is

Denied.

ALLEN, J., dissenting: The appellant failed to have a transcript of the record prepared for this Court and the appeal was docketed upon the production of the original papers from the office of the clerk of the Superior Court.

This was irregular and unauthorized, and I think the remedy of the appellee was to move to strike the case from our docket, or to present the certificate of the clerk of the Superior Court, and move to dismiss under Rule 17; but he did neither.

He moved to dismiss the appeal before a transcript was filed, and when no appeal was pending in this Court.

The appellant then filed a transcript and moved for a *certiorari* to bring up the case on appeal, and on the hearing it has been made to appear that if the transcript had been docketed in due time in the first instance the appeal could not have been heard at this term because of unavoidable delays in settling the case on appeal.

The statement of the case by appellant was not served in due time, but I think this was waived by acceptance of service by the appellee, by serving exceptions to case on appeal, and by his appearance before the judge twice after notice and engaging in settling the case without making any point as to the time of service of appellants' case, and without objection as to the power of the judge to settle the case. *Roberts v. Partridge,* 118 N. C., 355; *Love v. Huffines,* 151 N. C., 378.

It is true, appellees' counsel in accepting service struck out the words "in due time'" indorsed on the statement of the case, but he made no

MARLER *v.* GOLDEN.

objection as to time then or thereafter until the motion for *certiorari* was made by appellant.

I think the *certiorari* ought to issue, to the end that the appeal may be heard on its merits.

HOKE, J., concurs.