## STATE v. O. G. THOMAS.

(Filed 25 October, 1922.)

**Appeal and Error—Case—Settlement by Judge—Mistake—Certiorari.**

> The case on appeal, as settled by the trial judge, imports verity, and must be accepted as absolutely true in the Supreme Court on appeal; and unless it is made to properly appear by the judge's own statement that he will correct the record as to matters relied on by the movant, a motion for writ of *certiorari* will not be granted; the averment of the movant's belief that the judge will supply the omission if afforded an opportunity is insufficient.

THE defendant was convicted of a felony and files his petition for *certiorari* to correct the case on appeal.

*J. J. Parker for petitioner.*
*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

ADAMS, J.   At the January Term, 1922, of the Superior Court of Cabarrus County, the defendant was convicted of murder in the second degree, and from the judgment pronounced he appealed to the Supreme Court.   His appeal in apt time was docketed at the spring term, but as the case on appeal had not then been settled, a *certiorari* was granted on motion of the defendant, after which the case on appeal was settled by the trial judge, and in due time was certified and filed in the office of the clerk of this Court.

The defendant now files his petition for a second writ of *certiorari,* on the alleged ground that the case on appeal does not correctly and truly set forth certain things which occurred on the trial and omits matters which are important for the defense.   To set out in detail the particular matters referred to in the petition would serve no useful purpose.   In his petition the defendant alleges that he "has reason to believe, and does believe, that said omissions and misstatements were made by reason of mistake or inadvertence on the part of Judge Ray, and that he will supply the omissions and correct the misstatements if the court will direct to him a writ of *certiorari* empowering and *directing* him to certify to this Court the truth with regard to the said matters."   In the defendant's brief his counsel say, "We feel that an application to him [the trial judge] by us for a letter [suggesting that the case on appeal should be amended] would be worse than futile."   So far as the record shows the judge who tried the case has not indicated his readiness to change his statement of the case on appeal.   Nor has he been asked to do so.   The defendant requests us to hold that the case on appeal is

incorrect notwithstanding the judge's certificate that it is correct. Such procedure would lead to interminable perplexity. In a number of cases it has been held that the settlement by the trial judge of a case on appeal to the Supreme Court imports verity and must be accepted as absolutely true, and that a *certiorari* will not be granted requiring him to make up a new case or to insert matters alleged to have been omitted. *S. v. Gay,* 94 N. C., 822; *S. v. Gooch, ibid.,* 982; *S. v. Journigan,* 120 N. C., 568; *Cameron v. Power Co.,* 137 N. C., 101; *Slocumb v. Construction Co.,* 142 N. C., 349; *S. v. Faulkner,* 175 N. C., 788. In *Barber v. Justice,* 138 N. C., 21, the *Chief Justice* said: "It is only when the judge has settled the case, in the exercise of his proper jurisdiction, that upon affidavit of error therein and a letter from the judge that he will correct it if given the opportunity, the Court will give him such opportunity. Such letter from the judge is required, not as a courtesy to him, nor as an acknowledgment of any inherent discretion in him, but because it would usually be doing a vain thing, and most often would result in needless delay, to grant a *certiorari* to give the judge opportunity to correct a case, already certified by him as correct, unless counsel have had the diligence to procure a letter from the judge that he wishes to make the correction." For these reasons the petition is denied.

Petition denied.