STATE v. ROY HUMPHREY.

(Filed 28 November, 1923.)

1. **Appeal and Error—Service of Case—Settlement of Case—Discretion of Court—Extension of Time to Serve Case—Statutes.**

Before the amendment of 1921, C. S., sec. 643, conferred no power upon the trial judge to enlarge the statutory time for the service of appellant's and appellee's cases on appeal beyond that therein prescribed, and this formerly could only be done by the agreement of the parties; and the power conferred on him by the amendment is limited to his action during term, wherein the parties, being present, are put upon notice of their rights.

2. **Same—Term—Notice.**

Where the appellant has served his case on appeal within the time extended by agreement, and the appellee has served his case beyond that agreed upon, it is not within the statutory discretion of the trial judge to settle the case thereafter, allowing appellee to file exceptions, the appellant's case being the proper case on appeal.

3. **Same—Districts—Counties—Statutes.**

The trial judge has no absolute authority to settle a case on appeal outside of the county or district in which it was tried, under the provisions of C. S., sec. 644, except by agreement of the parties, or when the countercase or exceptions had been served, respectively, within the time prescribed by the statute. C. S., sec. 643.

4. **Criminal Law — Evidence — Character — Issues—Appeal and Error—Prejudice.**

The solicitor may not comment to the jury, in a criminal action, on the failure of the defendant to testify at the trial in his own behalf, or the bad character of the defendant as a substantive fact to show guilt, when the defendant had not himself put his character in evidence on the issue.

APPEAL by defendant from *Long, J.,* at June Criminal Term, 1923, of MECKLENBURG.

Indictment for assault with intent to kill, and assault on a female. There was a verdict of guilty of assault on a female, with recommendation for mercy, sentence that defendant be imprisoned for twelve months

in the county jail and assigned to work the roads of the county during said time, and defendant excepted and appealed, assigning errors.

On the imposition of the sentence it was ordered by the court that appellant be allowed twenty days for serving case on appeal on the solicitor, and the solicitor be allowed twenty days thereafter to except or serve countercase. The case on appeal by appellant was prepared and served on the solicitor within the time specified, to wit, on 27 June, 1923. The countercase, containing the only exceptions made, was not served on appellant's attorney until 25 July, 1923, five days after time allowed. Thereupon appellant's case on appeal, with the record proper, was certified to Supreme Court and duly docketed for hearing.

Some time after the service of the countercase by the solicitor, both cases were sent by him to the judge who had presided at the trial, this apparently on 25 October, 1923, and at Fayetteville, N. C., who then undertook to settle a case on appeal, and directed that the same be filed as the case, and that the clerk notify counsel on both sides, and defendant allowed five days thereafter to file exceptions.

At the call of the cause in this Court, the Attorney-General suggested a diminution of the record, and moved that the case served by the court be docketed as the only correct and proper case on appeal. Motion disallowed, and cause heard and determined on case as tendered and served by appellant.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*J. F. Flowers for defendant.*

HOKE, J. Our general statute governing the settlement and service of cases on appeal (C. S., sec. 643) makes provision as follows:

"The appellant shall cause to be prepared a concise statement of the case, embodying the instructions of the judge as signed by him, if there be an exception thereto, and the request of the counsel of the parties for instructions if there be any exception on account of the granting or withholding thereof, and stating separately, in articles numbered, the errors alleged. A copy of this statement shall be served on the respondent within fifteen days from the entry of the appeal taken; within ten days after such service the respondent shall return the copy, with his approval or specific amendments indorsed or attached; if the case be approved by the respondent, it shall be filed with the clerk as a part of the record; if not returned with objections within the time prescribed, it shall be deemed approved."

And in the decisions construing the section it has been heretofore held that the time fixed by this statute for settlement and service of a case could only be changed by agreement of the parties, and that the

trial court itself was without power to change or modify the statutory period or to change or interfere with the agreement the parties may have made on the subject. *Lindsay v. Knights of Honor,* 172 N. C., 818; *Cozart v. Assurance Co.,* 142 N. C., 522; *Barber v. Justice,* 138 N. C., 20.

And it is further held that where exceptions or a countercase have not been properly made or served within the time specified, the appellant's case shall be deemed approved and constitute the proper case on appeal for this Court—a ruling that is in accord with the express provisions of the statute. *Barrus v. R. R.,* 121 N. C., 504; C. S., sec. 643, and citing among other cases *McNeill v. R. R.,* 117 N. C., 642; *Forte v. Boone,* 114 N. C., 176, to the effect that the failure to except or serve a countercase within the time required is not cured because the judge has thereafter undertaken to settle the case. This being the position that has hitherto prevailed, the Legislature of 1921, considering that it was not well that the trial court should be without any control or power in the premises, amended this section (643) by adding thereto a proviso, as follows: *"Provided,* that the judge trying the case shall have the power in the exercise of his discretion to enlarge the time in which to serve statement of case on appeal and exceptions thereto or counterstatement of case." Laws 1921, ch. 97.

In the exercise of the powers so conferred, the court in the present case fixed the time for preparation and service of appellant's case at twenty days, allowing twenty days thereafter for service of exceptions or countercase.

It will be noted that while the amendment referred to allows the trial judge in his discretion to fix the time for the preparation and service of the case and countercase, this being at times necessary to the seemly and efficient disposition of the matter, it does not otherwise modify or purport to modify the statute; and, therefore, whether the time allowed be that fixed by order of court, or, in the absence of such order, by agreement of the parties or in accordance with the law, unless a countercase is served or exceptions duly made within the time required, the case of appellant shall stand approved as the proper case on appeal. And we do not approve the position contended for, that the amendment of 1921 confers upon the trial judge the right at any time or place to change the time fixed upon by the statute. As a general rule, judgments and orders substantially affecting the rights of parties to a cause pending in the Superior Court at term must be made in the county and at the term when and where the question is presented, and our decisions on the subject are to the effect that, except by agreement of the parties or by reason of some express provision of law, they cannot be entered otherwise, and assuredly not in another district and without notice to the parties interested. *Cox v. Boyden,* 167 N. C., 321; *Bank v. Peregoy,*

147 N. C., 293; *Parker v. McPhail,* 112 N. C., 502; *McNeil v. Hodges,* 99 N. C., 248; *Bynum v. Powe,* 97 N. C., 374.

True, in section 644, C. S., the judge, under differing circumstances as therein set forth, may settle a case on appeal at any place within the district, on proper notice, and at times out of the district, but, as shown by a perusal of the section, that power does not arise to him except by agreement of the parties or when the countercase or exception had been made by appellee within the time "as prescribed." And an order fixing the time under the amendment should, as stated, be made at the term when the question is presented, so that the parties may then be advised of their rights in the matter.

The countercase, therefore, having been tendered after the time fixed by the judge's order, the case of appellant, being prepared and served within the time, becomes the proper case, and, in connection with the record, may alone be considered in determining the rights of the parties involved in the appeal. In that aspect it is conceded by the Attorney-General that reversible error has been shown, it appearing that on the trial the solicitor was allowed, over defendant's objection, to make adverse comment on the fact that the defendant did not take the stand as a witness in his own behalf, and also as to the bad character of the defendant as a substantive fact tending to show guilt, when defendant had not himself put his character in evidence on the issue, both of which objections must be sustained under our statute and decisions appertaining to the subject. *S. v. Traylor,* 121 N. C., 674; C. S., sec. 1799.

We consider it not improper to note that neither of these exceptions are presented in the case as settled by the careful and able judge who presided at the trial; but, for the reasons heretofore given, we are restricted to the facts as set forth in appellant's case on appeal, and the cause has been determined on the exceptions therein presented. So considered, defendant is entitled to a new trial, and it is so ordered.

New trial.