IN RE WILL OF TEMPE E. RICKS.

(Filed 18 February, 1925.)

**Appeal and Error—Case—Settlement by Judge—Record.**

Where, upon disagreement of counsel, the trial judge has regularly settled the case on appeal, the case so settled imports verity and must be accepted as true as to all matters involved therein and determined by the judge; and where only one party has appealed, the other may not successfully move before another judge holding a subsequent term of court to have the judgment set aside as embracing an unauthorized agreement by their attorney, evidently passed upon by the former judge in settling the cause.

CONNOR, J., not sitting.

In re Ricks.

APPEAL by caveators from an order of *Devin, J.,* denying their motion to set aside a judgment rendered by *Bond, J.,* at April Term, 1924, of NASH.

At the trial (April Term, 1924) the issue of *devisavit vel non* was answered in favor of the propounders, and judgment was rendered in their favor, but they were taxed with the costs. The caveators appealed, and upon disagreement of counsel Judge Bond settled the case on appeal to the Supreme Court, but the appellants declined to prosecute the appeal.

Thereafter (November Term, 1924) the caveators made a motion before Judge Devin to set aside the judgment entered upon the verdict at the April Term, 1924, on the ground that their attorneys compromised, but had no authority to compromise, their clients' cause of action, by agreeing not to appeal if the propounders were taxed with the costs. Judge Devin denied the motion, and the caveators excepted and appealed.

*R. L. Ray & Son and N. Y. Gulley for appellants.*
*Spruill & Spruill, Battle & Winslow, and Finch & Vaughan for appellees.*

ADAMS, J. It is perfectly evident from one of the affidavits in the record that the question presented to Judge Devin had previously been considered and disposed of by Judge Bond. Indeed, the facts were determined, according to the affidavit, when the case on appeal and the countercase were submitted to the trial judge for settlement. In these circumstances the case on appeal is controlling; it imports verity and must be accepted as true as to all matters involved in the appeal and determined by the judge. *S. v. Thomas,* 184 N. C., 666. The appellants had no right to call upon Judge Devin to decide a question which Judge Bond had previously considered in making up the case on appeal. *Bizzell v. Equipment Co.,* 182 N. C., 98, is not conclusive on the point raised here. In that case it is stated that want of authority to compromise the case was unknown to the presiding judge and was "only made to appear at a later hearing."

The caveators surely should not object to a judgment against the propounders for the costs; and if not content with the judgment in other respects, they should have prosecuted their appeal. *Runnion v. Ramsay,* 93 N. C., 411; *Falkner v. Hunt,* 68 N. C., 475.

The judgment is
Affirmed.

CONNOR, J., not sitting.