EDWARDS AND LEATHERWOOD v. W. L. McCOY AND HIS WIFE, ADA McCOY.

(Filed 28 February, 1934.)

**Appeal and Error E d—**

A motion for *certiorari* directing the trial court who settled the case on appeal to amend or correct the case on appeal will be dismissed where movant does not make it appear that the trial court is willing to make the requested changes.

APPEAL by defendants from *Alley, J.,* at November Term, 1933, of MACON. No error.

This is an action to recover for professional services rendered by the plaintiffs as attorneys and counsellors at law to the defendants, at their request, and on their promise to pay to the plaintiffs the reasonable value of said services.

The issues submitted to the jury were answered favorably to the contentions of the plaintiffs.

From judgment that plaintiffs recover of the defendants the sum of $1,000, and the costs of the action, the defendants appealed to the Supreme Court.

*G. A. Jones and Geo. B. Patton for plaintiff.*
*W. L. McCoy for defendants.*

PER CURIAM. Defendants' petition filed in this Court for a writ of *certiorari* directing the judge who presided at the trial of the action in the Superior Court, and who upon disagreement of counsel, settled the case on appeal, to amend the case on appeal, must be dismissed. It appears that no exception was taken by the defendants to the matter which they wish included in the case on appeal, and that on the contrary

the defendants agreed that the reading of the pleadings to the jury should be dispensed with. Further, it does not appear that if the writ is ordered by this Court the judge is willing to amend the case on appeal, as the defendants desire. For this reason the petition is denied. *S. v. Thomas,* 184 N. C., 666, 114 S. E., 12; *S. v. Faulkner,* 175 N. C., 787, 95 S. E., 171; *Barber v. Justice,* 138 N. C., 20, 50 S. E., 445. In the last cited case it is said: "It is only when the judge has settled the case in the exercise of his proper jurisdiction, that upon affidavit of error therein, and a letter from the judge stating that he will correct it if given the opportunity, that this Court will give him such opportunity. Such letter from the judge is required, not as a courtesy to him, nor as an acknowledgment of any inherent discretion in him, but because it would usually be doing a vain thing, and must often result in needless delay, to grant a *certiorari* to give the judge opportunity to correct a case already certified by him as correct unless counsel have had the diligence to procure a letter from the judge stating that he wishes to make the correction."

There was evidence at the trial tending to support the contentions of the plaintiffs with respect to the issues submitted to the jury. For that reason there was no error in the refusal by the trial court of defendants' motion for judgment as of nonsuit. An examination of the record discloses no error for which defendants are entitled to a new trial. The judgment is affirmed.

No error.