JNO. M. JONES and HENRY G. SKINNER, Partners, &c., v. JOHN M. WILSON and JOSIAH MIZZELL, Partners, &c.

*Appeal—Motion to Dismiss—Excuse for Failing to file Undertaking in Time.*

Where, upon a motion to dismiss an appeal on the ground that the undertaking was not filed in time, it appears that the appeal was taken in good faith, and the failure to file the undertaking in time was caused by the Clerk of the Superior Court being absent from his office, the motion will be denied.

This was a MOTION, before this Court, to dismiss the appeal from the Superior Court of CHOWAN County.

*Messrs. J. B. Batchelor* and *Jno. Devereux, Jr.,* for the plaintiffs appellees.

*Mr. W. D. Pruden,* for the defendants appellants.

MERRIMON, J. The appellees moved, at the present term, to dismiss the appeal, upon the ground that the undertaking upon appeal was not filed within the time prescribed by law, nor within thirty days next after the term of the Court at which the judgment appealed from was given, the time within which it was agreed by the parties the appeal might be perfected.

We are satisfied, from affidavits produced, that the appeal was taken in good faith. It was taken at once, upon the entry of the judgment appealed from by counsel, the appellants having left the Court and gone to their homes, in a county adjoining that in which the case was tried. At once the counsel sent them an undertaking upon appeal, to be executed by them; they executed and returned the same promptly, and in apt time, to their counsel, to be filed; the latter promptly went to the Clerk's office to file it, but found the Clerk was absent, and he continued absent for several days, at a distant point, and they could not then file it; they went for the like purpose a second time, and the Clerk was not at

his office; he was sent for, came, and the undertaking was filed within a few days after the lapse of the time within which it was agreed by the parties the appeal might be perfected.

It appears that the appellants themselves were diligent in respect to the undertaking, and their counsel made reasonable effort to file it in apt time. They failed to do so because of the absence of the Clerk from his office, and the fault was largely, if not altogether, his. The appellees suffered no substantial harm, by the delay of a few days to file the undertaking, and there seems to have been reasonable excuse, certainly on the part of the appellants, for such failure. We think the case came fairly within the statute cited and interpreted in *Harrison* v. *Hoff*, decided at the present term. That case is substantially like the present one, and must govern it. The motion to dismiss the appeal must be denied.

Motion denied.