H. W. HARRISON, Guard'n, v. J. H. HOFF.

*Appeal—Undertaking—Practice in Supreme Court.*

While the statute passed at the recent (1889) session of the General Assembly provides that the Supreme Court may allow an undertaking on appeal to be filed in that Court, the power thus conferred will not be exercised unless the appellant shows a reasonable excuse for his failure to give the undertaking within the time prescribed by *The Code*, §§ 549, 552.

This was a MOTION by appellee to dismiss the appeal, and a counter motion by appellant to be allowed to file undertaking in this Court.

At the present term, appellee therein moved to dismiss this appeal upon the ground that the undertaking on appeal was not filed within ten days next after the rendition of the judgment appealed from at the last Fall Term of the Court wherein it was given, which ended on the 23d day of October, 1888.

It appears that such undertaking was not given within that time, but was filed on the 12th day of November next thereafter, and the appellant insists that he has shown reasonable excuse for such delay in filing the same, and asks this Court to allow and treat it as sufficient.

The substance of the affidavit filed by the plaintiff appellant, which is the basis of the opinion of this Court, is as follows:

That as soon as the appeal was taken from the judgment rendered against him in the Court below, he " tried to give his bond constantly before the adjournment of the Court, but his attorneys were continuously engaged; that the Clerk was also very much engaged, and left his office immediately after adjournment." On Wednesday thereafter the affiant came to the county-seat prepared to give the required appeal

bond, and was informed by the brother of the Clerk that the latter was not in town, and would not return until after the election day, which was the tenth day after the adjournment of Court; that the Clerk was not at his office on that day, and that he (clerk) lives twelve miles from the court-house. The affiant came back again on the following Saturday and Tuesday, and, the Clerk being absent, could not get into the office. Both of his attorneys were absent, and he used every means in his power and in his knowledge to perfect the appeal by filing the undertaking in time. The appeal bond was actually given to the Clerk, with good and sufficient security, and duly approved by the Clerk, on Wednesday thereafter, being the eleventh day after the adjournment of Court, though he does not know at what time the Clerk put the bond among the papers in the case and marked it " filed."

Counter affidavits were also filed by defendant.

*Messrs. C. L. Pettigrew* and *A. W. Haywood,* for the plaintiff.
*Mr. A. O. Gaylord,* for the defendant.

MERRIMON, J. (after stating the case). Under the strict statutory provision applicable (*The Code*, §§ 549, 552), the appellee would be entitled to have his motion allowed for the cause assigned, as has been decided by many cases, and the appellant would lose his appeal, unless, for good cause shown, he should be allowed to bring it into this Court by the writ of *certiorari.*

But the General Assembly has modified the rigor of the statute by an act passed at its present session, ratified on the 16th day of February, 1889, which, among other things, provides as follows: " And when no undertaking on appeal has been filed, or deposit made, before the record of the case is transmitted to the Supreme Court, the Supreme Court may, in its discretion, thereafter allow, on such terms as may

seem best (just), the appellant to file an undertaking on appeal, or make the deposit. The provisions of this act shall apply to cases now pending in the Supreme Court." The authority thus conferred upon this Court is remedial in its nature, broad and comprehensive, and embraces pending cases, and it is to be exercised in the just discretion of the Court. The purpose is to give it power to relieve an appellant chargeable with excusable laches, not gross neglect.

Whether the power will or will not be exercised must depend largely upon the facts and circumstances of each case It may be said, however, that in all cases the appellant must show reasonable excuse for his failure to give the undertaking promptly, as required by law, else relief will not be granted. It is no part of the purpose of the statute to excuse or encourage gross neglect.

It appears sufficiently in this case that the appellant took his appeal in good faith; that he made diligent effort, from time to time, to give the undertaking on appeal, but was prevented by causes that need not be adverted to here; that he did give the same without serious delay or prejudice to the appellee. In our judgment, reasonable excuse is shown for the delay, and the undertaking filed must be accepted and deemed sufficient, and the appeal disposed of as if the undertaking had been filed within the time prescribed by law.

*Motion to dismiss refused, and appellant allowed to file undertaking.*