LAURA E. JONES v. THE CITY OF ASHEVILLE et al.

(APPEAL OF DEFENDANT CAMPBELL).

*Practice — Appeal Bond, failure to file — Motion to Dismiss — Notice.*

1. The discretion vested in this Court by ch. 135, Acts of 1889, to permit an appeal bond to be filed here will not be exercised unless reasonable excuse be shown for the failure of appellant to file it below.

2. No notice is required to be given of a motion to dismiss an appeal when no appeal bond has been filed; the twenty days' notice required, for a motion to dismiss, by ch. 121, Acts 1887, applies only when there is an irregularity in the bond or in the justification of sureties.

*Messrs. F. A. Sondley* and *J. H. Merrimon*, for plaintiff.
*Mr. Charles M. Stedman*, for defendant (appellant).

CLARK, J.: In this cause no appeal bond appears to have been given, and the appellee moves to dismiss. The defendant presented no good excuse for the failure, but offered to file the bond here. In *Harrison* v. *Hoff*, 102 N. C., 25, it was held that the discretion vested in this Court by ch. 135, Acts 1889, to permit an appeal bond to be filed here would not be exercised unless the appellant shows a reasonable excuse for his failure to give the under-

taking below as required by *The Code*, §§549 and 552. In that case MERRIMON, J., said: "Whether the power will or will not be exercised must depend largely upon the facts and circumstances of each case. It may be said, however, that in all cases the appellant must show reasonable cause for his failure to give the undertaking promptly, as required by law, else relief will not be granted. It is no part of the purpose of the statute to excuse or encourage gross neglect." No notice is required of a motion to dismiss when no appeal bond is filed. The twenty days' notice required for a motion to dismiss by ch. 121, Acts 1887 (Clark's Code, section 560), applies only when there is a mere irregularity in the undertaking on appeal or in the justification of the sureties.　　　　　Appeal Dismissed.