ELIZABETH A. VIVIAN v. THOMAS MITCHELL et al.

(Filed 30 April, 1907).

1. **Appeal and Error—Supreme Court Rules—Practice.**—When, under Rule 5 of the Supreme Court, the transcript of the record of the case on appeal from a judgment rendered before the commencement of a term of the Supreme Court is not docketed at such term seven days before entering into the call of the docket of the district to which it belongs, and stands for argument, it will be dismissed, under Rule 17, upon motion of the appellee, and his filing the required certificate, seven days before entering into the call of said district, if such motion is made prior to the time of docketing the transcript.

2. **Same—Appeal Bond—Laches.**—When the appeal bond is not filed at or before the time of docketing the appeal (Revisal, sec. 593), the Supreme Court will not reinstate the case and allow an appeal bond to be filed, unless laches is negatived or reasonable excuse shown.

3. **Same—Duty of Appellant, Agent or Attorney—Excusable Neglect.**—It is the duty of the appellant, or his agent or attorney, as a condition precedent, to take the steps prescribed to perfect his appeal. An appeal having been dismissd, under Rule 5 of the Supreme Court, will not be reinstated on the ground of

VIVIAN *v.* MITCHELL.

"accident, mistake or excusable neglect" of the attorney, when it appears that the ground of his motion is a miscalculation of the time required in which the transcript should be docketed, or his mistake in sending it to the printer instead of to the Clerk of the Supreme Court.

MOTION to reinstate appeal.

*T. T. Hicks* for plaintiff.
*Thomas M. Pittman* for defendants.

CLARK, C. J.   This is a motion, under Rule 18, to reinstate this appeal, which was dismissed 19 February, 1907, upon a motion under Rule 17.

The action was tried in the Superior Court of Vance County at the term beginning the first Monday in September, 1906.   The appellants duly served their case on appeal, in reply to which the appellee served her counter-case on 30 October, which was "accepted" by the appellants, but for some unexplained reason it was not filed by them with the Clerk till 1 February, 1907.   On the afternoon of 18 February—as the Clerk testifies, without contradiction—the appellant's counsel obtained a copy of the transcript, the delay being caused by the fact that the appeal bond had not been given.   The appellants did not offer to docket the appeal till 20 February (after it had been dismissed), and then without an appeal bond, though it should have been docketed by 10 A. M. 19 February, under Rule 5 of this Court, which reads as follows: "The transcript of the record on appeal from a judgment rendered before the commencement of a term of this Court must be docketed at such term seven days before entering upon the call of the docket of the district to which it belongs, and the case will stand for argument in its order; if not docketed, it shall be continued or dismissed, under Rule 17, if the appellee files a proper certificate prior to the docketing of the transcript."   Rule 17

prescribes that the motion, if regularly entered, "shall be allowed at the first session of the Court thereafter." 140 N. C., 659.

The call of the docket of the Fourth District, to which this appeal belonged, began on 26 February. This appeal was not docketed, as required by the above rules, on 19 February, and on that day, on motion upon certificate in conformity to Rule 17, it was regularly dismissed. The appeal bond, which was required to be filed at or before docketing the appeal, Revisal, sec. 593, had not been filed. The Court will not, even if this were the only ground of dismissal, reinstate a case and allow an appeal bond to be filed unless laches is negatived or reasonable excuse shown. *Harrison v. Hoff,* 102 N. C., 25; *Jones v. Asheville,* 114 N. C., 620.

The appellants move to redocket, on the ground that the motion to dismiss was prematurely made; and further, on the ground of "accident, mistake or excusable neglect." The motion to dismiss was not prematurely made, but was in strict conformity to Rule 5, above set out. *Craddock v. Barnes,* 140 N. C., 427, in which the Court points out that, as the motion to dismiss can be made seven days before the call of the district, it can be so entered as to the First District in vacation, seven days before its call; but since it cannot then be brought to the attention of the Court—because then in vacation—it can be called up on the first day of the term, and, if it is found that the motion to dismiss was entered before the appeal was docketed, the appeal will be dismissed. Of course, as to the other districts there is no reason why the motion should not be brought to the attention of the Court and acted on when entered, and Rule 17 provides that it "shall be allowed at the first session of the Court."

The further ground of the motion, as set out in the affidavit of Mr. Harris, of counsel for appellants, is that "by

accident, he mistook and miscalculated the time when, by the rules, the appeal ought to have been docketed, and but for such mistake and miscalculation he would have docketed the same within the time required"; that the transcript was in Raleigh in time to be docketed, but by reason of the aforesaid mistake and miscalculation he sent it to the printer instead of to the Clerk of this Court. There would be more force in this, to our apprehension, if counsel, attempting to docket, the appeal on 20 February, after its dismissal, had then given the five days' notice of a motion to reinstate, returnable on 26 February, the first day of the call of the district, and had then been ready with his printed record and brief and appeal bond, so as to be prepared to argue the case on the regular call of the district, if reinstated. The fact that the case had been dismissed on 19 February was published in the newspapers and the appellants should at least have shown diligence in repairing their fault so that the case might be argued, in its regular order, without imposing upon the plaintiff the penalty of a further delay of six months for their negligence, when she had been in no default.

In *Paine v. Cureton,* 114 N. C., 606, the Court refused to reinstate because the appellant had not set up his defense in reply to the motion (which defense would have been sufficient if then made) to prevent the dismissal. For a stronger reason the appellants in this case, having a week's notice of the granting, on 19 February, of the motion, should at least have given prompt notice of a motion to reinstate, and have been ready with appeal bond and printed record and brief on the call of the docket of the district, 26 February, to secure reinstatement, and, if obtained, argue the appeal in its regular order. To same purport, *Mortgage Co. v. Long,* 116 N. C., 77, where the motion to reinstate was denied because the defense was not set up when the motion to dismiss was made, and this has been always held by this Court. The

appellee has his right to the fruits of the trial, unless the appellant complies with the procedure entitling him to review the action of the Court below; and, if there has been an excusable slip on his part, he must show that there was no negligence and that he set up his excuse at the first moment, and did not—as here—repeat his negligence.

It is true that in the above cases the motion to dismiss was made during the call of the district. But the appellant's otherwise valid excuse was held unavailable, because not immediately set up so the case could be argued in its regular order, upon denial of the motion to dismiss. Here, the motion having been made the week before, when counsel was not expected to be here (though he was in law fixed with notice that his appeal, not having been docketed in time, could then be dismissed), it is greater laches that he did not give notice to reinstate and call it up when his district was reached, when the case, if reinstated, could be argued in its regular order.

This Court has often and always held that non-compliance with the requirements which entitle an appellant to have his case reviewed cannot be excused because the failure to observe them is due to the negligence of counsel. If this were not so, the more negligent counsel could be the more they would be in demand by appellants desirous of baffling the appellee and adding to the "law's delay," which the great dramatist enumerates among the greatest ills that "flesh is heir to." There is no suggestion that in this case counsel were purposely dilatory or negligent. We feel assured that they were not. But the matter of appeal must be regulated, and, as a condition precedent to obtaining a review of a case on appeal, those requirements must be observed. If the appellant does not himself, or through some agent or attorney, take those necessary steps, and in apt time, the judgment below

must stand.   It is no excuse for a failure to comply with
these requirements, these conditions precedent, that the appel-
lant's agent or attorney negligently failed to do what was
necessary to entitle him to have his appeal heard.   The point
is fully discussed in *Edwards v. Henderson,* 109 N. C., 84,
and many cases there cited; *Calvert v. Carstarphen,* 133
N. C., 26, 27, and cases cited.   Indeed, there is nothing bet-
ter settled.   The orderly rules of procedure are a very neces-
sary—indeed, an indispensable part of the administration
of justice.   They must be universally observed to prevent
unutterable confusion, and as impartially applied by the
Court in all cases as are the principles of law to the merits of
a controversy.

So recently as last term, in *Cozart v. Assurance Co.,* 142
N. C., 523, the Court says that compliance with the "regu-
lations as to appeals is a *condition precedent,* without which
(unless waived) the right to appeal does not become poten-
tial.   Hence, it is no defense to say that the negligence is
the negligence of counsel and not negligence of the party,"
and adds that if what is necessary to save the appeal is not
done in apt time there is "no legal appeal."   The matter is
also fully discussed in *Barber v. Justice,* 138 N. C., 21,
with full citations of authorities, the Court holding that the
vicarious negligence of counsel cannot restore a right to
appeal which the appellant has failed to secure by observing
the orderly requirements necessary to that end.   The decis-
ions to this effect have been uniform, and so often repeated
that of late years the Court has usually contented itself with
following the precedents, without opinion, by a *per curiam*
order.

Indeed, when there is a failure to observe the requirements
as to appeals, under all the authorities, it is immaterial
whether the fault is that of the party himself or of one,

whether agent or attorney, to whom he has entrusted that duty. If the inadvertence is without negligence and excusable, and the remedy is sought in apt time, the Court will give the relief in either case; and if these things do not appear the Court will deny it.

Motion Denied.

Walker and Connor, JJ., concur in result.