D. L. HEWITT and Wife v. SAMUEL BECK et al.

(Filed 23 March, 1910.)

1. Appeal and Error — Failure to Docket—Laches — Discretion of Court.

Upon failure of appellant to docket his case on appeal as required by Rule 5 of the Supreme Court, the appellee may move to docket the certificate and dismiss under Rule 17 (unless a sufficient legal excuse is shown by the appellant for his delay) and therein the Supreme Court has no discretionary power.

2. Appeal and Error—Failure to Docket—Laches—Certiorari.

It is no sufficient excuse for the appellant's failure to docket his appeal under Rule 5 of the Supreme Court that the case was delayed in being settled and that the clerk was too busy with a term of court to make out the transcript, as it was the duty of appellant to have moved the Supreme Court in apt time for a *certiorari*, and to have seen to the copying of the transcript.

3. Appeal and Error—Failure to Docket—Subsequent Term—Laches.

When an appeal is not docketed in accordance with Rule 5, it is too late to do so at a subsequent term of the Court.

4. Appeal and Error—Failure to Docket — Laches of Attorney — Client's Responsibility.

Appellant's counsel is his agent or attorney in fact for the purpose of perfecting his appeal, and the principal is responsible for the negligence of the attorney.

APPEAL from *Guion, J.*, at January Special Term, 1910, of SAMPSON.

The facts are stated in the opinion of the Court.

*Crammer & Davis* and *Meares & Ruark* for plaintiff.
*C. E. Taylor* for defendant.

PER CURIAM.  This case was tried at August Term, 1909, of Brunswick, which began 9 August.  It should have been docketed here at last term.  Not being docketed when the district was called at this term, the appellee moved to docket the certificate and dismiss under Rule 17.  On behalf of the appellant there is presented to us a letter from his counsel to the clerk of this Court to ask this Court to use its discretionary power to refuse the motion, and enclosing the clerk's certificate "that the case on appeal" settled by the judge did not reach the clerk till 1 March, and he was too busy then, preparing for his coming term of the Superior Court (which began 21 March), to prepare the transcript, though the appellant had paid his fees and filed the appeal bond.

This appeal should have been docketed at last term, by 5 October, *i. e.,* "seven days before the beginning of the call of the district to which it belongs."  Rule 5 of this Court, 140 N. C., 655.  If, without fault of appellant, the judge had not then settled the case on appeal, it was the duty of the appellant to have filed then a transcript of the record proper and have asked for *certiorari* at that term.  It would be too late at this term.  *Pitman v. Kimberly,* 92 N. C., 562, and numerous cases, citing that case in the Annotated Edition.

It is too late to docket the appeal at this term, unless consent of appellee was shown.  *Porter v. R. R.,* 106 N. C., 478, where the rules governing this matter are stated.  See, also, cited cases in the Annotated Edition.

"Compliance with the regulations as to appeals is *a condition precedent* without which (unless waived) the right of appeal does not become potential. Hence it is no defense to say that the negligence is the negligence of counsel and not the negligence of the party." *Vivian v. Mitchell,* 144 N. C., 147, citing *Cozart v. Assurance Co.,* 142 N. C., 523; *Barber v. Justice,* 138 N. C., 21.

For this purpose, counsel is the agent, or attorney in fact, of his client, and his negligence is the negligence of the appellant. The appellee has a legal right to have his judgment executed if the rules regulating appeals are not complied with, and it is not "discretionary" with the Court. Sufficient legal excuse must be shown.

The clerk of the Superior Court received the "Case on Appeal," so he states, 1 March. As the appeal was required to be docketed here (if this had been the proper term), by 15 March, and his fees were paid, the transcript should have been copied in that time, as there were many who could have been employed to copy the transcript. If the appellant had lost his appeal by the clerk's failure to make out the transcript promptly, the clerk under some circumstances would be liable to indictment. *S. v. Deyton,* 119 N. C., 881; *Fain v. R. R.,* 130 N. C., 30; and he might have been liable to an action for damages also—but for the fact that the appellant, not having docketed the transcript of the record proper at last term and applied then for a *certiorari,* had already lost the right to docket at this term. The motion to dismiss under Rule 17 is allowed.

Appeal dismissed.