DREWRY-HUGHES COMPANY v. B. & S. McDOUGALD,
L. A. MONROE.

(Filed 13 April, 1910.)

**Partnership—Dissolution—Notice.**

It appearing from the record that defendant Monroe had given due notice to plaintiff's mercantile agency that he had dissolved or failed to perfect his contract of partnership with the other defendant, and that the plaintiff had not, at that time, become a creditor of the firm so as to require direct notice, this appeal is controlled by the former decision. 145 N. C., 286.

APPEAL from *W. J. Adams, J.,* at October Term, 1909, of SCOTLAND.

This is an action brought to recover of the defendants the amount claimed to be due plaintiffs by defendants. Judgment was rendered against the plaintiffs and in favor of the defendant L. A. Monroe, and thereupon the plaintiffs appealed.

The following issue was submitted: Is L. A. Monroe liable with the firm of B. & S. McDougald for the said debt? Answer: No.

*McLean & McLean, J. G. McCormick* for plaintiff.
*M. L. John, W. H. Neal* for defendant.

PER CURIAM. This cause was before this Court at Fall Term, 1907 (145 N. C., 286). We have examined the record and are of opinion that there was ample evidence to go to the jury that defendant Monroe had given Dun & Co. due notice that he had dissolved or failed to perfect his connection with the McDougalds. The plaintiff had not at that time become a creditor of the McDougalds, and therefore no direct notice to it or its agents could be given.

That is really the only point in this case. We think the exceptions to the evidence are untenable and that the court fairly and correctly placed the matter before the jury.

No error.