FROM CRAVEN. No transcript sent to reporter. (213)
This cause was tried at January term of Craven, beginning 5 January, 1914. From the verdict and judgment the defendant appealed. Under Rule 5 of this Court, 164 N.C. 540, the transcript of the record should have been docketed by Tuesday of the week preceding the call of the Fifth District, to which it belonged, that is, on or before 24 February, 1914, and if not docketed at that time the appellee had a right to docket the clerk's certificate and dismiss under Rule 17 at any time thereafter during the term (164 N.C. 544), provided the motion was made before the appellant docketed his appeal. The appellee filed his motion to that effect on Monday, 2 March. The appellant docketed his record on 3 March, and on call of the docket on Tuesday, 3 March, the cause was accordingly dismissed.
This is a motion to reinstate said appeal, upon notice given under Rule 18. The right of appeal, as we have often held, is not an absolute right, but must be exercised in accordance with the rules and regulations prescribed.
This subject is fully discussed and settled in every aspect by the opinion and decision in Vivian v. Mitchell, 144 N.C. 472, in which the Court cites, among other cases, Harrison v. Hoff,102 N.C. 25; Jones v. Asheville, 114 N.C. 620; Pain (214)v. Cureton, ib., 606; Mortgage Co. v. Long, 116 N.C. 77; Barber v.Justice, 138 N.C. 20; Craddock v. Barnes, 140 N.C. 427;Cozart v. Assurance Co., 142 N.C. 523; and the Court added: "The decisions to this effect have been uniform and so often repeated that of late years the Court has usually contented itself by following the precedents, without opinion, by a per curiam order." This course has usually been followed since, though that case was cited and approved *Page 200 
in opinions in Laney v. Mackey, 144 N.C. 631, and in Truelove v. Norris,152 N.C. 757; Hewitt v. Beck, ib., 759. In the latter case, as in this, the appellant sought to excuse himself because there had been delay in "settling the case," without any fault on his part. But the Court held, in accordance with our uniform decisions, that in such case it is the duty of the appellant to docket the transcript of the record proper, in the proper time, to get a foothold in this Court, and only when that is done can he ask for a certiorari to procure the transmission of the "case on appeal," when it has not been sent up by reason of the delay of the judge in settling the case on appeal, or for other cause not attributable to the laches of the appellant. In Burrell v. Hughes, 120 N.C. 277, it is said, citing many cases, "There are some matters which should be deemed settled, and this is one of them." This case has been often cited since. See Anno. Ed.
The motion to reinstate is denied.
Motion denied.
Cited: Transportation Co. v. Lumber Co., 168 N.C. 61; Land Co. v. McKay,168 N.C. 85; Carroll v. Mfg. Co., 180 N.C. 661; Cox v. Kinston, 217 N.C. 397.