STATE v. CLAUDE GOODLAKE.

(Filed 30 May, 1914.)

**Appeal and Error—Attorney and Client—Duty of Client—Laches.**

In criminal as well as civil cases it is the duty of the party appealing to see that his case on appeal has been prepared and sent up under the rules, and this duty is not excused because he has intrusted it to his attorneys, paid them the necessary fees for the transcript, etc., and, relying upon them, has taken no further steps until it was too late.

STATE *v.* GOODLAKE.

APPEAL from *Bragaw, J.,* at February Term, 1913, of BUN-COMBE.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*A. Hall Johnston for defendant.*

CLARK, C. J. This is a motion to reinstate the appeal in this case which was docketed and dismissed under Rule 17 on 12 May, 1914, on the call of the district to which it belonged. The petitioner files an affidavit that he appealed in this cause and paid his counsel to prepare his case on appeal for the Supreme Court and the necessary fees for preparing and printing the record, and supposed the matter had been attended to. But on 9 May, when he went to the office of his counsel and tendered their fees, he found that the case had not been settled on appeal and that the transcript had not been made out and sent up to this Court; that consequently the record has not been printed nor any brief prepared. His counsel thereupon returned to him the $30 that he had tendered them on 9 May.

Upon this showing, the defendant certainly is not entitled to have his case reinstated. In *Vivian v. Mitchell,* 144 N. C., 476, this Court said: "This Court has often and always held that noncompliance with the requirements which entitle an appellant to have his case reviewed cannot be excused because the failure to observe them is due to the negligence of counsel. If this were not so, the more negligent counsel could be the more they would be in demand by appellants desirous of baffling the appellee and adding to the 'law's delay,' which the great dramatist enumerates among the greatest ills that 'flesh is heir to.' There is no suggestion that in this case counsel were purposely dilatory or negligent. We feel assured that they were not. But the matter of appeal must be regulated, and as a condition precedent to obtaining a review of a case on appeal, those requirements must be observed. If the appellant does not himself, or through some agent or attorney, take those necessary steps, and in apt time, the judgment below must stand. It is no excuse for a failure to comply with these requirements, these conditions precedent, that

the appellant's agent or attorney negligently failed to do what was necessary to entitle him to have his appeal heard. The point is fully discussed in *Edwards v. Henderson,* 109 N. C., 84, and many cases there cited; *Culvert v. Carstarphen,* 133 N. C., 26, 27, and cases cited. Indeed, there is nothing better settled." *Hewitt v. Beck,* 152 N. C., 758.

In *Paine v. Cureton,* 114 N. C., 606, it was said: "An appellant cannot simply take an appeal and pay the clerk's fees for transcript and thereafter leave the appeal to take care of itself like a log floating down a river or corn put in the hopper of a mill. The appeal requires attention."

In *Edwards v. Henderson,* 109 N. C., 84, the Court held that the negligence of counsel in having the appeal sent up and printed and the rules otherwise complied with is not an excuse for the appellant, who should see that the matter was attended to, and if, by any laches beyond his control, this is not done, he should make a motion in this Court at or before the time prescribed for the docketing of the appeal and file the record proper and an affidavit to procure a *certiorari* to issue if sufficient cause is shown. In this and other cases above cited there are numerous references to other cases of like purport, and the citations to the above cases in the Annotated Reports enumerate many others. The practice is so well settled, and it is so necessary that it should be adhered to, that of late years we have been acting upon the rule thus laid down without filing an opinion upon a matter so well settled. We dismiss the appeal alike in civil and criminal cases when either the appeal is not taken in time or the record not docketed in time, or the case is not settled in time, or the record or brief of the appellant is not printed or assignments of error are not made, or there is failure in other respects to observe the requirements for an appeal, unless the record proper is docketed and sufficient excuse is shown by a motion for *certiorari* and affidavit, at the proper time. In this case none of these things were done.

Motion denied.