BUCKHORN LAND AND TIMBER COMPANY v. M. M. McKAY.

(Filed 23 September, 1914.)

1. **Appeal and Error—Failure to File Record—Rules of Court.**
    Where the record in cases on appeal to the Supreme Court has not been filed by the appellant in this Court under the requirements of Rule 4 (164 N. C., 540), it will be dismissed upon motion of the appellee, filed with proper certificates, made under Rule 17, and the party in default must abide the consequences unless unavoidable cause is shown.

2. **Appeal and Error—Several Causes—Agreement of Parties—Courts.**
    Where there are several causes between the same parties, upon the same subject-matter and involving the same exceptions, the parties may agree among themselves that one or more of them may be appealed from and the result control them all; but this rests solely upon the agreement of the parties, and is not subject to the control of the courts.

LAND CO. *v.* McKAY.

MOTION by appellant for *certiorari* and motion by appellee to docket and dismiss under Rule 17.

*A. A. F. Seawell for plaintiff.*
*J. C. Clifford for defendant.*

CLARK, C. J. At May Term, 1914, of Harnett an appeal was taken in nineteen cases from an order removing them to Chatham County for trial, upon an affidavit, found to be true by the judge, of local prejudice. These actions were brought by the same plaintiff against sundry defendants in ejectment.

At the opening of this Court, 10 a. m., 15 September, no record in any of these cases had been filed on appeal, as required by Rule 4 (164 N. C., 540), and the counsel for the plaintiff, appellee, filed proper certificates and motions to dismiss in accordance with Rule 17 (164 N. C., 544). Later in the day counsel for the several defendants, appellants, filed records in five of these cases and an affidavit and motion for *certiorari* to bring up the case on appeal. The appeal was taken 15 May, 1914, and the appellant's case on appeal should have been served on the appellee within fifteen days thereafter. Revisal, 591.

But even if the case on appeal had been settled, this motion comes too late. The appellee has its rights and the courts will respect them. Besides, if the affidavit and motion for *certiorari* in the five cases had been filed in time, before the motion to dismiss under Rule 17, it is insufficient. The affidavit merely alleges that counsel for the defendant on 26 August applied to counsel for appellee to let one case on appeal come up and the others to abide the result; that on 2 September this request was refused; that thereupon the defendant's counsel on 8 September moved the judge to require appellee's counsel to consent to this, and on the judge's refusal to do this, defendant's counsel requested the clerk to make out and send up the transcripts on appeal.

It is not unusual, when there are several appeals at the same term involving the same exceptions, for counsel to agree that one case shall come up and that the others shall abide the result. But this is a matter of agreement between counsel, and we have no reason to suppose that the appellee's counsel was without cause in refusing to make such agreement. At any rate, it was in the discretion of counsel, which this Court has no right to control.

The judgments appealed from were taken on 15 May. The case on appeal should have been served on appellee by 30 May. It is not alleged that this was done, and even the request to agree that one case should come up, in lieu of all, was not made till 26 August. On refusal of this request, 2 September, there were still two weeks in which to make up the record, if counsel for appellee would waive the failure to serve the

case on appeal earlier. Counsel could not have thought that the judge had the power to compel appellee's counsel to make an agreement which rested in his discretion. Even on 8 September, when the motion was refused, there were still seven days in which to make up these records, and even if voluminous, which could not be at this stage of the proceeding, and if appellee had waived the failure to serve the case earlier, there was still time, by employing a sufficient number of typewriters, to make out the transcripts. The appellee found time to make out and file such transcripts in nineteen cases. The appellants assigned no error, and none appears.

"An appellant cannot simply take an appeal and pay the clerk's fees for the transcript and thereafter leave the appeal to take care of itself, like a log floating down a river or corn put in the hopper of a mill. The appeal requires attention." *Paine v. Cureton,* 114 N. C., 606.

"When a man has a case in court, the best thing he can do is to attend to it." *Pepper v. Clegg,* 132 N. C., 316; *McClintock v. Ins. Co.,* 149 N. C., 36.

Rules of Court are necessary for the orderly dispatch of business, and when not complied with, the party in default must abide the consequences, unless unavoidable cause is shown. In *Burrell v. Hughes,* 120 N. C., 277, it is said, citing many cases: "There are some matters which should be deemed settled, and this is one of them."

Though the rules of Court are necessary, it is true that there is no sanctity attached to them, and it is not claimed that they are the best of all possible rules. The Court changes them, to take effect thereafter, when experience has shown that the change should be made. But as long as they are the rules of the Court, they must be impartially administered, and always without exception, save for good cause shown; and none has been shown in this case. This matter has been repeatedly decided, and especially has it been discussed in late years in *Craddock v. Barnes,* 140 N. C., 427; *Cozart v. Assurance Co.,* 142 N. C., 533; *Vivian v. Mitchell,* 144 N. C., 472, citing numerous cases, and there have been many cases since.

The whole subject was gone over again and the determination of the Court to adhere to this rule reasserted at last term in *Hawkins v. Tel. Co.,* 166 N. C., 213.

If exceptions were to be made to this, or any other rule, except for good cause shown, a large part of the time of this Court would be taken up in considering such matters, which time should be devoted to the discussion and decision of cases upon their merits.

The motion of appellant to docket records and for *certiorari* is denied. The motion made in apt time by appellee to docket and dismiss under Rule 17 is allowed.

Dismissed.