## WAYNESVILLE TRANSPORTATION COMPANY v. WAYNESVILLE LUMBER COMPANY.

### (Filed 13 January, 1915.)

**Appeal and Error—Unsettled Case—Docketing Case—Motions—Certiorari— Agreements Extending Time for Service of Cases.**

> Where the case and counter-case or exceptions on appeal have been served within the time agreed upon in writing, it is the duty of the appellant to "immediately" request the judge to settle the case as required by Revisal, sec. 591; and should the judge not settle the case in time for filing in the Supreme Court, the appellant should docket the record proper and move for a *certiorari,* or the appellee, upon motion, may have the appeal dismissed under Rule 17. The practice among attorneys of extending by consent the time for service of the case on appeal beyond that allowed by the statute is not commended.

MOTION to docket and dismiss, under Rule 17, the plaintiff's appeal.

*No counsel for plaintiff.*
*John M. Queen and Hannah & Leatherwood for defendant.*

CLARK, C. J. This case was tried at July Term, 1914, of HAYWOOD. By agreement, the time was extended for serving the case and counter-case on appeal, which is a bad custom, and not to be encouraged. The plaintiff appellant served its case on defendant 9 September, 1914, and the defendant served its counter-case on the appellant 9 November, 1914,

both being within the time of the extension agreed upon in writing. Neither case was accepted by the other, and the transcript not being docketed here, the appellant now moves, on 10 December, to docket and dismiss under Rule 17.

This he was entitled to do. If the appellant was not in default for the delay in settling the case on appeal, still he was required to docket the record proper at the time required by the rule, and should have asked for *certiorari* for the case on appeal, provided he showed that on receipt of the counter-case he had "immediately" requested the judge to settle the case, as required by Revisal, 591, and that the appellant was in no wise to be blamed for the delay in doing so. This has been repeatedly held by this Court. *Hawkins v. Tel. Co.,* 166 N. C., 213, is one of the most recent cases, and refers to numerous others in which the matter has been discussed and fully settled in every aspect, quoting *Vivian v. Mitchell,* 144 N. C., 472, in which the Court cited, among other cases, *Harrison v. Hoff,* 102 N. C., 25; *Jones v. Asheville,* 114 N. C., 620; *Paine v. Cureton, ib.,* 606; *Mortgage Co. v. Long,* 116 N. C., 77; *Barbee v. Justice,* 138 N. C., 20; *Craddock v. Barnes,* 140 N. C., 427; *Cozart v. Assurance Co.,* 142 N. C., 523. And the Court added in *Vivian v. Mitchell, supra:* "The decisions to this effect have been uniform and so oft repeated that of late years the Court has usually contented itself by following the precedents, without opinion, by a *per curiam* order."

Revisal, 591, provides that if the appellant does not accept the appellee's counter-case he "shall *immediately* request the judge to fix the time and place for settling the case before him." *Stroud v. Tel. Co.,* 133 N. C., 253. It does not appear that the appellant did this. It is also true that the appellant might contend that in such event his case as amended by the defendant's counter-case should be taken as the case on appeal. But in either of these cases it is none the less necessary that the appellant should docket the record proper and apply for a *certiorari,* and in the latter instance it was his duty to send up his case as amended by the appellee's case.

In *Hewitt v. Beck,* 152 N. C., 759, the Court said that when the appellant seeks to excuse himself because there has been delay in settling the case, without any fault on his part, the Court has "uniformly held that he must nevertheless docket his transcript of the record proper, in proper time, to get a foothold in this Court." In *Burrell v. Hughes,* 120 N. C., 277, it is said, citing many cases: "There are some matters which should be deemed settled, and this is one of them." That case has been often cited since, see Anno. Ed.

Motion allowed.