LUCY PHILLIPS v. JUNIOR ORDER UNITED AMERICAN MECHANICS.
(Filed 27 February, 1918.)

1. **Insurance—Fraternal Orders—Pleadings—Evidence.**

    The complaint in an action on a membership life insurance policy by
    the wife alleging the loss of the policy, her inability to find it, and that
    her husband had been dropped on the defendant's roll at the time of his
    death, without charge or cause, and and against his protest, is insuffi-
    cient without proper allegation and proof of the lost policy, that recovery
    was not barred by the contract or lapse of time, and that he had illegally
    been dropped, and had regularly tendered his fees.

2. **Appeal and Error—Briefs—Time of Filing—Rules of Court.**

    Upon motion of appellant aptly made at the call of the district to which
    the case belongs, the appellee's brief will be dismissed if not filed on the
    preceding Saturday by noon, and disposed of without argument by appel-
    lee, unless for good cause shown, the time should be extended.   Rule 36.

3. **Insurance—Fraternal Orders—Pleadings—Demurrer Ore Tenus.**

    Where the wife of a deceased insured brings action individually and
    not as administratrix, to recover upon the life insurance policy of her
    husband, she must allege that she was the beneficiary named therein, or
    the action will be dismissed *ore tenus*.

APPEAL by plaintiff from *Allen, J.,* at October Term, 1917, of CHAT-
HAM.

*R. H. Hayes for plaintiff.*
*Douglass & Douglass for defendant.*

CLARK, C. J.  This action was brought by the plaintiff upon a mem-
bership life insurance policy issued to her husband by the defendant.
The complaint did not set out the policy, but averred that she was unable
to find it and that though her husband had been dropped from said
lodge and was not on its rolls at the time of his death, he was dropped
without charge or cause and against his protest.  This would have suf-
ficed, if there was proper allegations and proof to set up the lost policy
and to prove, if not barred by the contract in the policy or lapse of time
in any way, that he was illegally and wrongfully dropped from the roll
of his lodge, and that he tendered the fees regularly.

But the plaintiff failed to allege in her complaint that she was the
beneficiary named in the policy and she did not bring this action as
administratrix.  The Court, therefore, properly sustained a demurrer
*ore tenus* that the complaint did not state a cause of action.  The Court,
in its discretion, would doubtless have permitted the plaintiff to amend,
Revisal, 506; *Fidelity Co. v. Jordan,* 134 N. C., 236, but she did not ask
leave to do so and the action was dismissed.  Whether the plaintiff may
not institute a new action upon a complaint with proper averments is
not now before us.

PHILLIPS *v.* JUNIOR ORDER.

The plaintiff moved to dismiss the appellee's brief filed in this action. The Rules of Court No. 34 (164 N. C.) prescribe that if the appellant's brief is "not filed by 12 o'clock, noon, on Tuesday of the week preceding the call of the district to which the cause belongs, the appeal will be dismissed, on motion of appellee, when the call of that district is begun, unless, for good cause shown, the Court should give further time to print brief."

Rule 36 prescribes that unless the appellee's brief "shall be filed by 12 o'clock, noon, on Saturday before the week of the call of the district to which the cause belongs, . . . the cause will be heard and disposed of without argument from appellee, unless, for good cause shown, the Court shall give further time to present brief." In this case, the brief of the appellee was not filed by the time required, and good cause not being shown, the motion to strike out the same was allowed, and in the absence of a brief, we could not hear oral argument.

This Court has repeatedly held that our rules are made for good cause and must be observed. *Walker v. Scott,* 102 N. C., 487; *Wiseman v. Comrs.,* 104 N. C., 330; *Edwards v. Henderson,* 109 N. C., 83; *Calvert v. Carstarphen,* 133 N. C., 25, and numerous cases there cited, which have been cited since; *Vivian v. Mitchell,* 144 N. C., 477; *Lee v. Baird,* 146 N. C., 363; *Porter v. Lumber Co.,* 164 N. C., 397; *S. v. Goodlake,* 166 N. C., 436.

It happens in this case that the appellee succeeds in the appeal, though by failure of counsel to observe the rule, their client and the Court were deprived of the benefit of an argument from them. It is none the less proper to call attention to the rule in this case and the necessity that the Court is under of enforcing the rules, to prevent a similar penalty in a cause where it might be important to the client and to the Court that the case should be fully presented.

Affirmed.