LUZANIA MITCHELL v. MARY MELTON ET ALS.

(Filed 17 September, 1919.)

**Appeal and Error—Transcript—Docket—Dismiss—Motions—Rules of Court.**

The certificate of the clerk of the Superior Court is necessary to complete appellee's motion to dismiss (Rule 17) for appellant's failure to file his transcript on appeal within seven days before entering upon the call of the docket to which it belongs (Rule 5) ; and where the appellee has failed to comply with Rule 17 until after the appellant has docketed his transcript in compliance with Rule 5, his motion will be denied and the hearing continued under Rule 5.

APPEAL by defendants from *Guion, J.,* from May Term, 1919, of BERTIE.

*Winston & Matthews for plaintiff.*
*W. R. Johnson and R. C. Bridger for defendants.*

CLARK, C. J. The defendants not having filed the transcript on appeal on 2 September, seven days before entering upon the call of the docket of the district to which it belonged, as required by Rule 5, the plaintiff filed his motion under Rule 17 to docket and dismiss. But this motion was defective because it was not accompanied by the certificate of the clerk of the court as required by said rule.

The defendants thereupon filed said transcript on the next day, 3 September. The clerk's certificate to complete the appellee's motion to dismiss was filed thereafter on 5 September.

When the appellant fails to docket his appeal at the required time the appellee can move to dismiss at that time or subsequently during the term, provided he does so before the appellant cures the defect by docketing the transcript (*Benedict v. Jones,* 131 N. C., 473; *Vivian v. Mitchell,* 144 N. C., 472), and for that purpose we have held that the appellee can file his motion even in vacation, or on a day when the court is not in session. *Craddock v. Barnes,* 140 N. C., 428; *Vivian v. Mitchell, supra.*

But if the appellant files his record before such motion is made by the appellee, if at the term at which the appeal should be taken, it is too late then for the appellee to move to dismiss. This has been held in numerous cases. *Laney v. Mackay,* 144 N. C., 630; *Foy v. Gray,* 148 N. C., 436; *Gupton v. Sledge,* 161 N. C., 214.

In this case the appellee moved in time, but he did not comply with Rule 17 because of the absence of the certificate of the clerk below which is the indispensable basis of the motion to dismiss. It was therefore no motion. In the meantime, before the appellee perfected his motion by filing such certificate, the appellant cured his laches by docketing the transcript on 4 September.

The case was therefore regularly on docket before the appellee filed an efficient motion, but the case being docketed less than seven days before the call of the district it stands continued under Rule 5.

The motion to dismiss came too late.

Motion denied.