A. J. SIMONDS AND WIFE v. S. T. CARSON.

(Filed 28 September, 1921.)

1. **Courts—Justices' Courts—Appeal—Superior Courts—Actions—Damages.**

   The sending up an appeal to the Superior Court by the justice of the peace upon the payment of the cost thereof is a judicial act, and no action for damages will lie against him for failing to send up the papers in apt time.

2. **Same—Laches—Statutes.**

   It is appellant's duty to docket his appeal in the Superior Court in time, C. S., 660, and his failure to have done so by the next succeeding term of the Superior Court, wherein the motion of appellee to dismiss has been properly allowed, or to apply for a *recordari*, in apt time, is his own laches, which will prevent his recovering damages of the justice of the peace for his failure to send up the case according to his promise, after having accepted his fee therefor, in the absence of a fraudulent intent.

APPEAL by plaintiffs from *Horton, J.,* at March Term, 1921, of PITT.

On 2 May, 1916, J. J. Ford recovered judgment against the plaintiffs in this action (who were defendants in that action), before S. T. Carson, a justice of the peace (the defendant herein). They gave notice of appeal to the Superior Court, and then and there paid to the said justice of the peace, the defendant S. T. Carson, the appeal fee of 30 cents, together with the further sum of 50 cents for docketing the same in the Superior Court, which it is alleged he agreed to send up with the said papers on appeal.

The complaint alleges that the justice negligently and carelessly failed to send up said case, and failed to remit the fee for docketing the appeal,

paid to him by the plaintiffs (defendants in said action), whereby the
the plaintiff in said action at August Term, 1916, procured judgment
dismissing said appeal because it had not been docketed in time.   The
court finds as facts that "The next term of the Superior Court of Pitt
convened 20 May, 1916, after said term of court, the justice of the peace
having failed to send up the case with the fee for docketing."

The complaint further alleges that by reason of the dismissal of the
said appeal the plaintiffs in this action were required to pay the said
J. J. Ford the sum of $106.12, and that the plaintiffs had a good and
meritorious defense to the action brought by Ford, he being indebted to
the plaintiffs at that time more than the amount of said claim.

The plaintiffs paid off the Ford judgment and brought this action in
the county court of Pitt to recover the amount thereof, $106.12, and
obtained verdict and judgment for the full amount, whereupon the
defendant appealed to the Superior Court, in which the court nonsuited
the plaintiffs, who appealed.

*Albion Dunn for plaintiffs.*
*F. G. James & Son for defendant.*

CLARK, C. J.   This is a case of novel impression in this State, and
presents the question whether a justice of the peace is liable in an action
for negligence in failing to send up the case on appeal when he has
been paid the appeal fee, and the clerk's fee for docketing, and can the
injured party recover for damages resulting from such negligent failure?

Rev., 1532, requires the justice of the peace, within ten days after
notice of the appeal, to send up to the clerk of the Superior Court all
the papers in the cause, provided his fee therefor is paid, which was
done in this case.   It is then made the duty of the appellant to docket
his appeal in the Superior Court, C. S., 660, and if he fails to do so by
the next succeeding term of the Superior Court, the appellee may have
the case placed upon docket and have the judgment affirmed.   It was
the duty of the appellant to pay the docketing fee and have the cause
docketed, *Sneeden v. Darby,* 173 N. C., 274, and cases there cited, and
if the case is not docketed in time the appellee may have it dismissed.
*Barnes v. Saleeby,* 177 N. C., 256, and cases there cited.

The action of the justice in not sending up the papers was a judicial
duty, and his failure to do so is not actionable.   He is liable for a
default in a public duty, but not in damages to the plaintiffs, whose
own duty it was to see that the appeal was properly docketed, and if the
papers were not sent up in apt time it was their duty to apply for a
*recordari,* or to apply in time to the justice to make another return.
Not having done this, they were in laches, and the appeal was properly

dismissed. *Abell v. Power Co.,* 159 N. C., 348; *Tedder v. Deaton,* 167 N. C., 479; *Bargain House v. Jefferson,* 180 N. C., 32, and cases there cited.

The plaintiff contends, however, that the justice undertook and agreed to send up the 50 cents to docket the appeal and that failure to do this was negligence in the discharge of a ministerial duty. But this was purely a gratuitous offer, a mere matter of courtesy or personal accommodation based upon no consideration and for the failure to discharge this the plaintiff is not entitled to an action unless there were fraud or intent to defeat the appellants of their rights.

Besides, the appeal was taken 2 May and the next term of the Superior Court was held on 20 May, and it was the appellants' own negligence that they did not ascertain whether the case was docketed and ready for trial at that first term as the statute requires. They should have ascertained that the justice had not paid the docketing fee and have called on him to send up the record. This was not done, and there was no attempt to docket the case until 3 July. The plaintiffs have suffered loss by their own negligence, and this action cannot be maintained.

The plaintiffs rely upon the expression at the end of the opinion in *MacKenzie v. Development Co.,* 151 N. C., 278: "The payment of the clerk's fee to the justice cannot avail him (the appellant), for this should have been paid to the clerk, and its payment to the justice merely made the justice his agent. If the appellant has lost any rights he has lost them through the carelessness of his agent, and his own neglect to avail himself of the remedies of *recordari* and attachment that the law gives him." The Court was there referring to the analogy of the cases in which the transcript is not sent up in time and docketed in the Supreme Court by the neglect of the lawyer who undertook to attend to this, and the Court has held in a long line of cases that as to such matter the lawyer is acting simply as agent for the appellant and his neglect is the neglect of the appellant and does not excuse him. *Truelove v. Norris,* 152 N. C., 757, in which case the statement at the close of the opinion that the client would have an action for the negligence of lawyer as his agent is based upon the fact that the lawyer is acting under a consideration and liable to his principal for negligence. But in this case the justice was acting simply as a matter of accommodation, and under no legal liability except, as has been said, when it is alleged and shown that his conduct was fraudulent or with intent to defeat the appellant of his right to have the case reviewed, which is not alleged here.

The Court intimated in *S. v. Deyton,* 119 N. C., 880, and *Hewitt v. Beck,* 152 N. C., 757, that where the clerk of the Superior Court failed

to transmit the transcript in 20 days to this Court he might be liable to indictment. Whether the clerk, who is acting, unlike the justice, ministerially, in sending up the record, would also be liable in an action for damages sustained by such default is not a matter before us. The justice of the peace has no clerk, and his sending up the original papers is a judicial duty unlike the clerk of the Superior Court, who makes a transcript of the record for this Court, which is sent up by the authority of the judge in pursuance of a duty prescribed by law.

Affirmed.