### STATE v. CLARENCE EVANS.

(Filed 20 May, 1953.)

**Criminal Law §§ 79, 80b—**

 Failure to file brief within the time allowed works an abandonment of the assignments of error, limiting the review to errors appearing on the face of the record, and when no error appears on the face of the record, the appeal will be dismissed on motion of the Attorney-General. Rule of Practice in the Supreme Court No. 28.

APPEAL by defendant from *Phillips, J.,* and a jury, at Regular January Criminal Term, 1953. BUNCOMBE.

Criminal prosecution on an indictment containing three counts: First count charges a felonious breaking and entry into a storehouse, etc., with intent to steal; second count charges larceny of personal property of the value of $257.50; and third count charges receiving the said property knowing it to have been stolen. The jury returned a verdict of guilty on the first two counts in the indictment, and from judgment imposing sentences on both counts to run consecutively, the defendant appealed *in forma pauperis.* The affidavit upon which the order for appeal *in forma pauperis* was based, and the order of the presiding judge permitting him to appeal *in forma pauperis* are in proper form, and made in apt time.

STATE *v.* EVANS.

The Regular January Criminal Term, 1953, of Buncombe Superior Court convened 19 January. On 20 January the defendant was tried, found guilty by the jury, and sentenced by the court. On 30 January, 1953, the defendant through his counsel, Sanford W. Brown and William V. Burrow, filed in this Court the record proper and a petition for a writ of *certiorari* in regular form stating that on 22 January, 1953, in open court he appealed to the Supreme Court and on said date was authorized by the presiding judge to appeal *in forma pauperis;* that the court allowed the defendant thirty days in which to serve the case on appeal and the State twenty days thereafter in which to serve countercase or exceptions; that by the Rules of the Supreme Court appeals from the 19th Judicial District to the Spring Term, 1953, of the Supreme Court must be docketed not later than 10:00 a.m. 20 January, 1953, and that it is impossible for this defendant in the exercise of due diligence to docket his appeal within said time, and that his appeal shows a meritorious defense. This Court allowed the petition for *certiorari* 10 February, 1953; the Clerk of the Supreme Court on 11 February, 1953, notified Sanford W. Brown, counsel for the defendant, that petition had been allowed the day before; on 20 March, 1953, the said Clerk wrote Sanford W. Brown asking when he would send the case on appeal; on 1 April, 1953, the said Clerk notified Sanford W. Brown that the Court had set this case for argument at the end of the call of cases from the 8th and 13th Districts, to wit, 28 April, 1953. Appeals to be heard that week had to be docketed by 10:00 a.m. 7 April, 1953, and the appellant's brief had to be filed by noon 14 April, 1953.

The agreed case on appeal was filed in the office of the Clerk of the Superior Court of Buncombe County on 16 April, 1953; it does not show when it was agreed upon by the solicitor and counsel for the defendant. The agreed case on appeal was docketed in this Court on 17 April, 1953, and appellant's brief was filed in this Court on 20 April, 1953.

On 17 April, 1953, a few minutes after the agreed case on appeal was docketed, the Attorney-General made a motion that the defendant having failed to file the case on appeal in this Court on time, and no error appearing on the face of the record, that the judgment of the trial court be affirmed.

On 28 April, 1953, the Attorney-General moved, pursuant to Rule 28 of Rules of Practice in the Supreme Court, that the appeal and case be dismissed, for the appellant's brief was filed too late. The Attorney-General has filed no brief.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*

*Sanford W. Brown and William V. Burrow for defendant, appellant.*

PARKER, J.    This appeal should have been docketed in this Court on or before 10:00 a.m. Tuesday, 7 April, 1953, and appellant's brief filed by noon 14 April, 1953, according to the order allowing the petition for writ of *certiorari*.   Rules 5 and 28 of the Rules of Practice in the Supreme Court, 233 N.C. 749 and 750, *et seq.*   *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126; *S. v. Harrell,* 226 N.C. 743, 40 S.E. 2d 205.

"We have held in a number of cases that the Rules of this Court, governing appeals, are mandatory and not directory . . . The Court has not only found it necessary to adopt them, but equally necessary to enforce them and to enforce them uniformly."  (Citing authority.)   *S. v. Moore,* 210 N.C. 459, 187 S.E. 586.   It is said in *S. v. Presnell,* 226 N.C. 160, 36 S.E. 2d 927, these rules have been uniformly enforced since the decision in *S. v. Farmer,* 188 N.C. 243, 124 S.E. 562.

While the agreed statement of the case on appeal was filed in this Court too late, yet it was filed a few minutes before the Attorney-General moved to affirm the judgment of the lower court.   However, the appellant's brief, which should have been filed by noon 14 April, 1953, was filed in this Court on 20 April, 1953.   The Attorney-General makes a motion to dismiss the appeal and to affirm the judgment below for failure of the defendant appellant to file his brief on time, pursuant to Rule 28 of the Rules of Practice in the Supreme Court.   Conceding that the Attorney-General made his motion too late to affirm the court below for failure of the defendant appellant to file the agreed statement of the case on appeal in time, *Mitchell v. Melton,* 178 N.C. 87, 100 S.E. 124; McIntosh N. C. Prac. and Proc., Sec. 688, yet the filing by the defendant appellant of his brief too late works an abandonment of the assignments of errors, except those appearing on the face of the record, which are cognizable *ex mero motu.*   *S. v. Robinson,* 214 N.C. 365, 199 S.E. 270.

"The defendants made a motion to dismiss plaintiffs' appeal 'that under Rule 28 of Practice in the Supreme Court, plaintiff appellants were required to file their brief by noon 13 February, 1937, and they failed to do so until 19 February 1937.'   The plaintiffs' appeal is dismissed under the rule."   *Wolfe v. Galloway,* 211 N.C. 361, at p. 365, 190 S.E. 213.   See also *In re Bailey,* 180 N.C. 30, 103 S.E. 896; *Phillips v. Junior Order,* 175 N.C. 133, 95 S.E. 91.

No error appears on the face of the record, and the sentences passed against the defendant on each count were within the limits authorized by law.   The judgments entered below are

Affirmed and appeal dismissed.