## STATE v. LEWIS LYNN, JR.

(Filed 14 January, 1960.)

**1. Criminal Law § 159—**

The filing of brief by appellant after the expiration of the time allowed results in an abandonment of the assignments of error except those appearing on the face of the record which are cognizable *ex mero motu.*

APPEAL by defendant from *Carr, J.,* October Term, 1959, of ALAMANCE.

On June 15, 1959, in the Burlington Municipal Recorder's Court, defendant pleaded guilty to a warrant charging that, while living with his wife, he wilfully failed to provide adequate support for his two children, aged nine and four, a violation of G.S. 14-325. The judgment then pronounced imposed a prison sentence of twelve months, suspended for three years on condition, *inter alia,* that defendant pay to the clerk of said court, for the support of said children, the sum of $15.00 on Friday of each week, beginning July 17, 1959, "until further orders of Court."

STATE *v.* LYNN.

Later, the said recorder's court and also Judge Carr, after *de novo* hearing on defendant's appeal as provided by G.S. 15-200.1, found as a fact that defendant had wilfully violated said condition and ordered that defendant serve said prison sentence. Defendant excepted to the "judgment and finding of facts" of Judge Carr and gave notice of appeal.

Appellant was allowed fifteen days from October 21, 1959, to serve statement of case on appeal but did not serve such statement until November 24, 1959. The record on appeal was docketed in this Court. Rule 28 (Rules of Practice in the Supreme Court, G.S. 4A, p. 185) required that appellant's brief be filed by noon on Tuesday, December 1, 1959. On December 8, 1959, appellant having failed to file brief, the Attorney General moved that the appeal be dismissed and the judgment affirmed. Thereafter appellant filed a brief.

*Attorney General Seawell and Assistant Attorney General McGalliard for the State.*
*Walter D. Barrett for defendant, appellant.*

PER CURIAM. ". . . the filing by the defendant appellant of his brief too late works an abandonment of the assignments of errors, except those appearing on the face of the record, which are cognizable *ex mero motu.*" *S. v. Evans,* 237 N.C. 761, 75 S.E. 2d 919, and cases cited; Strong, North Carolina Index, Vol. 1, Criminal Law § 159, and cases cited.

No error appears on the face of the record. Indeed, the evidence set out in appellant's belated statement of case on appeal fully supports Judge Carr's findings of fact and judgment. Hence, the judgment is affirmed and defendant's appeal therefrom is dismissed.

Judgment affirmed, appeal dismissed.